UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALISA WALTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )    Civ. Action No. 3:25-cv-00535-S |
| | ) |
| LEE ZELDIN, | ) |
|   Administrator, U.S. Environmental | ) |
|   Protection Agency, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15 (a), Local Rule 15.1(b), Plaintiff Alisa Walton ("Plaintiff") respectfully moves the Court to enter an Order allowing her to file an amended complaint. In support of this motion, Plaintiff would show:

RELEVANT FACTS AND PROCEDURAL BACKGROUND

1. Plaintiff filed her Complaint in this case in the United States District Court for the District of Columbia on July 31, 2023, ECF #1, and her Amended Complaint on February 26, 2024, ECF #20:1. Plaintiff alleges violations of Title VII for race, sex, race plus sex, and retaliation. Id.

2. Because Plaintiff filed in the District of Columbia, she pleaded facts sufficient to state a claim under that circuit's caselaw, including Chambers v. District of Columbia, 35 F.4th 870 (D.C. Cir. 2022), and Porter v. Shah, 606 F.3d 809 (D.C. Cir. 2010).

3. On March 26, 2024, Defendant U.S. Environmental Protection Agency ("Defendant") filed a motion to dismiss or, in the alternative, to transfer to the United States District Court for the Northern District of Texas. ECF #23.

1

4. After the parties fully briefed the matter, the District of Columbia judge granted the motion to dismiss in part and transferred the remainder of the case to the Northern District of Texas. ECF #28.

5. On July 16, 2025, Defendant renewed its Motion to Dismiss, ECF 47, which Plaintiff opposes via a filing simultaneous with this Motion for Leave to Amend.

6. Although Plaintiff believes Defendant's Renewed Motion to Dismiss should be denied for the reasons stated in her opposition, the proposed Second Amended Complaint eliminates some of the potential issues Defendant raised in motion. Specifically, Defendant's motion argues that neither remaining claim meets the *de minimis* harm requirement under Hamilton v. Dallas County, 79 F.4th 494, 497 (5th Cir. 2024). Plaintiff has added further allegations in paragraphs 54, 56, 58, 61, and 62 to more thoroughly establish adverse effects of Defendant's discrimination and retaliation.

7. The other changes to the proposed Second Amended Complaint are minor, including changing the justification for venue to the post-transfer venue, fixing a handful of typographical errors, and updating cross references.

8. No new causes of action are being asserted.[1]

9. Defendant opposes the filing of the Second Amended Complaint.

10. Pursuant to local rules, the proposed amended complaint is attached hereto as Exhibit A.

---

[1] To preserve the claims for appeal, Plaintiff's proposed Second Amended Complaint includes the allegations and claims already dismissed from the case prior to its transfer into this district. Walton understands that unless the court explicitly reinstates those claims, granting this motion would not reinstate the dismissed claims.

11. A proposed order granting the amendment in Word format has been submitted to the court.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 15(a)(2) states a party may amend its pleadings with the opposing party's written consent or, or leave of court. Fed. R. Civ. P. 15(a)(2). The Rule also states: "The court should freely give leave when justice so requires." Id.

A district court may deny amendment only in a limited number of situations, none of which apply here. See, e.g., Jones v. Robinson Property Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005) (listing factors that may justify denial of the proposed amendment).

In the absence of undue prejudice to the opposing party, leave should be freely granted to permit amendment of pleadings. Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1464 (5th Cir. 1995).

The proposed amendment will in no way prejudice the Defendant in this case – to the contrary, it remedies some of the alleged issues that have been raised by Defendant in its 12(b)(6) Motion. This motion to amend is not filed for delay, but in the interest of justice to correct potential pleading defects that did not exist in the complaint prior to its transfer into this district, as detailed above.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion for leave to amend the complaint.

Respectfully submitted,

*//s//* Robert C. Seldon, Esq.
Robert C. Seldon, Esq.
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
Phone: (202) 393-8200
Fax: (202) 318-2287

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, I conferred with Andrea Hyatt, counsel for Defendant, concerning the relief requested in this motion. Defendant opposes this motion.

/s/ Donald E. Uloth
Donald E. Uloth

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2025, I served a copy of this document by email to:

Andrea Hyatt
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Stret, Unit #4
Andrea.Hyatt@usdoj.gov

/s/ Donald E. Uloth
Donald E. Uloth