IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| ALISA WALTON,<br><br>    Plaintiff,<br><br>v.<br><br>LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 3:25-cv-00535-S |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

In this employment-discrimination case, Plaintiff Alisa Walton seeks leave under Federal Rule of Civil Procedure 15(a)(2) to amend her complaint a second time—after the defendant (the EPA) has filed its third motion to dismiss. Although Rule 15(a)(2) provides that a "court should freely give leave when justice so requires," that rule does not mean that leave will be granted in all cases. This is a case where justice would not be served by granting further leave to amend for three reasons:

(1) Walton has already had multiple opportunities to state a claim—including being allowed to amend her complaint in the face of a previous motion to dismiss.

(2) Further amendment would be futile. Even if Walton were allowed to amend her complaint to add in the additional allegations of harm, her proposed Second Amended Complaint would still fail to state a claim for relief because the additional allegations do not clear the *de minimis* threshold for an actionable employment action.

(3) Walton's motion for leave to amend her complaint yet again—in the face of a third motion to dismiss—is a dilatory tactic.

## I. Procedural Context

This is not the first time that Walton has sought, and obtained, leave to file an amended complaint when facing a motion to dismiss for failure to state a claim. Walton originally filed this case in the U.S. District Court for the District of Columbia.[1] In that forum, the EPA filed its first motion to dismiss in November 2023.[2] In response, Walton sought leave to file an Amended Complaint, which the EPA did not oppose.[3] Because Walton's filing of an amended complaint mooted the EPA's first motion to dismiss, the EPA filed a second motion to dismiss, challenging Walton's Amended Complaint.[4]

The District Court for the District of Columbia granted the EPA's motion to dismiss as to all but two of Walton's claims due to her failure to exhaust her administrative remedies.[5] For the two claims that Walton did exhaust — her FY2021 performance rating and her 2021 placement on a performance improvement plan — the court made "no determination as whether Walton has stated a claim under Rule

---

[1] Compl. & Demand for Jury Trial, ECF No. 1.

[2] Def.'s Mot. to Dismiss Compl., or in the Alternative, for Summ. J. and to Transfer Venue, ECF No. 9.

[3] Unopposed Mot. for Leave to File Am. Compl., ECF No. 20; Am. Compl. & Demand for Jury Trial, ECF No. 20-1.

[4] Def.'s Mot. to Dismiss or for Summ. J. on Pl.'s Am. Compl. or, in the Alternative, Mot. to Transfer Venue, ECF No. 21.

[5] Mem. Op. 8, ECF No. 28; Order, ECF No. 27.

12(b)(6)."[6] Instead, the court transferred those two surviving claims to the Northern District of Texas.[7]

After the case was transferred to this district, the Court ordered the parties to meet on a proposed agreed scheduling order.[8] Walton did not take advantage of that case-management process to request leave to further amend her complaint. The Court subsequently entered the Scheduling Order on May 9, 2025.[9]

On July 16, 2025, the EPA then renewed its motion to dismiss.[10] In response, over two years and three motions to dismiss after filing her original complaint, Walton now seeks leave to amend her complaint yet again.[11] For the three reasons explained below, further leave to amend is not warranted.

## II.     Legal Standard

A party may amend its pleading once as a matter of course within twenty-one days of service or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleadings with the written consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend under Rule 15(a) is to be freely given "when justice so requires." Fed. R.

---

[6] Mem. Op. 8.

[7] Mem. Op. 10; Order, ECF No. 27.

[8] Order Setting Initial Hearing, ECF No. 39.

[9] Scheduling Order, ECF No. 43.

[10] Def.'s Renewed Mot. to Dismiss, ECF No. 47.

[11] Pl.'s Opposed Mot. for Leave to file Am. Compl. (Pl.'s Mot.), ECF No. 50.

Civ. P. 15(a)(2). But "[t]hat generous standard is tempered by the necessary power of a district court to manage a case." *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (quoting *Priester v. JP Morgan Chase Bank*, 708 F.3d 677, 678 (5th Cir. 2013)); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed.) ("The liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases.").

When determining whether to grant leave to amend under Rule 15(a), "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Leal*, 731 F.3d at 417 (alteration in original) (citations omitted) (quoting *Priester*, 708 F.3d at 678). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lyn–Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

### III.    Argument & Authorities

**A.    Walton's motion for leave to further amend her complaint should be denied because she has already had multiple opportunities to state a claim.**

In the Fifth Circuit, "pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004). For example, in *Adrian*, the Fifth Circuit found the district court did not abuse its discretion by dismissing claims without granting further leave to amend the complaint. *Id*. The district court had

concluded that "[o]ne opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleadings, was sufficient under the circumstances." *Id.* Relying on the Fifth Circuit's precedent in *Adrian*, "[c]ourts in this circuit have found that 'a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so.'" *Mitchell v. Denton Cnty. Sheriff's Off.*, No. 418CV00343, 2021 WL 11472332, at *2 (E.D. Tex. June 30, 2021); *accord Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692-93 (E.D. Tex. 2009).

That prohibition of serial amendments is particularly appropriate in the context of employment-discrimination suits because, in employment cases, plaintiffs have the benefit of pre-suit administrative proceedings to develop their claims and supporting facts. *See Leal*, 731 F.3d at 409, 417. The Fifth Circuit relied on that fact in *Leal*, when it affirmed the district court's denial of plaintiffs' request for leave to amend their employment-discrimination case a second time, after the defendants had already filed a successful 2(b)(6) motion. *Id.* at 417. "Appellants had the benefit of both an administrative complaint process and an EEOC hearing before filing suit in federal court;" the Fifth Circuit reasoned, "thus, if Appellants had further facts to plead, we suspect they would have done so in their original or first amended complaints." *Id.*

Here, Walton has already had the benefit of an administrative complaint process, during which she was represented by counsel, before filing suit in federal court.[12] And

---

[12] Am. Compl. & Demand for Jury Trial ¶¶ 92-96, ECF No. 20-1 (describing the administrative process Walton used before filing suit in federal court).

**Defendant's Response to Plaintiff's Opposed Motion for Leave to File Amended Complaint – Page 5**

she has already amended her complaint in response to the Defendant's first motion to dismiss.[13] The Court should decline Walton's attempt to turn this proceeding into a game where she is permitted to file serial amendments in an attempt to finally get it right.

**B.    Walton's motion for leave to further amend should be denied because the proposed amendment would be futile.**

"It is within the district court's discretion to deny a motion to amend if it is futile. *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872-73 (5th Cir. 2000). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873.

Walton contends that her proposed Second Amended Complaint would help cure the pleading-deficiency issues raised in Defendant's renewed motion to dismiss:

> [T]he proposed Second Amended Complaint eliminates some of the potential issues Defendant raised in motion. Specifically, Defendant's motion argues that neither remaining claim meets the *de minimis* harm requirement under *Hamilton v. Dallas County*, 79 F.4th 494, 497 (5th Cir. 2024). Plaintiff has added further allegations in paragraphs 54, 56, 58, 61, and 62 to more thoroughly establish adverse effects of Defendant's discrimination and retaliation.[14]

Walton is incorrect. The additional allegations in those five paragraphs do not provide the factual, nonconclusory allegations needed to plausibly allege that the two remaining employment actions in this case caused Walton "some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 601 U.S. 346, 355

---

[13] Unopposed Mot. for Leave to File Am. Compl., ECF No. 20; Am. Compl. & Demand for Jury Trial, ECF No. 20-1.

[14] Pl.'s Mot. 2.

(2024). The following chart explains how each of those five paragraphs is a futile attempt to plausibly allege some harm resulting from the two remaining employment actions in this suit: (1) Walton's Fiscal Year 2021 "unacceptable" rating and, (2) her placement on the Performance Improvement Plan.[15]

| ¶ | Summary of new allegations | Why futile |
|---|---|---|
| 54 | Walton's FY 2021 performance rating "rendered Walton ineligible for any internal promotion or career ladder advancements" for two years. | (1) This new allegation is conclusory; it lacks the necessary factual underpinning. *See* Def.'s Renewed Mot. to Dismiss 13, 14-15.<br><br>(2) This new allegation alleges only speculative harm. Even under the new, lower bar, the Supreme Court requires that "an employee must show some harm." *Muldrow*, 601 U.S. at 350; Def.'s Reply in Supp. of its Renewed Mot. to Dismiss 6, ECF No. 51. |
| 58 | A copy of the PIP "would be placed in Walton's electronic Official Personnel File." | Walton does not allege any harm associated with having a copy of the PIP in her electronic official personnel file. There is no allegation that anyone did or could have accessed her personnel file or that having a copy of her PIP in a personnel file could possibly have affected her "job title, grade, hours, salary, or benefits or caused 'a diminution in prestige or change in standing among [ ] co-workers.'" *Lemonia v. Westlake Mgmt. Servs.*, No. 22-30630, 2023 WL 6878915, at *6 (5th Cir. Oct. 18, 2023). |

---

[15] Mem. Op. 8, ECF No. 28; Order, ECF No. 27.

| ¶ | Summary of new allegations | Why futile |
|---|---|---|
| 56 | "[T]he PIP was designed to be impossible for any employee to successfully complete" so as to "set the basis for Walton's removal." | These allegations are part of a new claim that Walton is attempting to add to her complaint—i.e., a claim for the 45 days she was on a PIP. *See* Pl.'s Opp. to Def.'s Renewed Mot. to Dismiss 14, ECF No. 48. That new claim is impermissible because she failed to exhaust her administrative remedies on it. *See* Def.'s Reply in Supp. of Its Renewed Mot. to Dismiss 8-10.<br><br>Because these three proposed paragraphs relate to an unexhausted claim that is not pending before this Court, they cannot support her current claims.<br><br>Also, her proposed allegation that the PIP was "designed to be impossible" is wholly speculative and has no factual underpinning. |
| 61 | "In order to attempt to meet the requirements of the PIP, Walton worked far beyond her regular duty hours." | |
| 62 | While on the PIP, Walton was "closely monitored." The PIP created tensions between Walton and her supervisors and co-workers. Walton stopped being assigned to projects that she would ordinarily work alongside other agents, and she began hearing rumors that she was unreliable. | |

Because the additional allegations that Walton seeks to add to her complaint would be futile, further leave to amend is not warranted.

C.   **Walton's motion for leave to further amend her complaint should be denied because it is a dilatory tactic.**

Finally, a trial court may properly deny leave to amend based on "undue delay . . . or dilatory motive on the part of the movant." *Leal*, 731 F.3d at 417. "[A] dilatory motive can be found where the plaintiff is aware of the underlying facts to support a cause of action at the outset of the case but waits an extended period before seeking to assert the claim." *Grant v. Amazon.com Servs. LLC*, No. 3:24-CV-2311-X-BW, 2025 WL 1886766, at *9 (N.D. Tex. June 18, 2025), *report and recommendation adopted*, 2025 WL 1885653

(N.D. Tex. July 7, 2025) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 142 (5th Cir. 1993)). A dilatory motive can also be found when a plaintiff has already been allowed to file one amended pleading in the face of a motion to dismiss for failure to state a claim, and his proposed further amendments offer "scant improvement." *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 984197, at *3 (N.D. Tex. Apr. 13, 2006).

The timing of Walton's latest request to amend evinces a dilatory motive. Walton hints that it only became necessary to further amend her complaint once it was transferred from the District of Columbia because, before her case was transferred, she had only "pleaded facts sufficient to state a claim under that circuit's caselaw."[16] But Walton did not immediately seek leave to file an amended complaint once the case was transferred to the Northern District of Texas. Nor did she obtain leave to amend as part of the court-ordered process of creating a scheduling order in this case.[17] Instead, she waited over five months after the case was transferred to the Northern District of Texas—and after Defendant renewed its motion to dismiss—before seeking leave to amend her complaint once again.[18] Walton's dilatory tactic is clear: file a complaint, then wait to see the full briefing of Defendant's motion to dismiss, amend, and repeat. Walton's case has been pending in federal court for nearly two years at this point, in addition to over a year and a

---

[16] Pl.'s Mot. ¶ 2.

[17] Order Setting Initial Hearing, ECF No. 39; Scheduling Order, ECF No. 43.

[18] This case was electronically transferred to the Northern District of Texas on March 3, 2025. Docket Entry, ECF No. 29. Walton filed her motion for leave to further amend on August 6, 2025. Pl.'s Mot.

half of administrative proceedings.[19] Walton does not contend that she was unaware of the underlying factual allegations she now seeks to add to her complaint, nor does she offer any other valid explanation for why she has waited over 3 ½ years before seeking to allege them. Walton's delay is evidence of a dilatory motive and grounds for denying further leave to amend. *See Grant*, 2025 WL 1886766, at *9.

Because Walton offers no valid explanation for her delay, leave to further amend is not warranted.

### III.   Conclusion

For the reasons stated above, Walton's motion for further leave to amend her complaint should be denied.

---

[19] Walton filed her original complaint in the D.C. court on July 31, 2023. Compl. & Demand for Jury Trial, ECF No.1. "Walton initiated the EEO complaints process on November 10, 2021, . . ." Am. Compl. & Demand for Jury Trial ¶ 61, ECF No. 20-1.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Tel: 817.252.5230
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

*Attorneys for Defendant*

## Certificate of Service

On August 26, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrea Hyatt*
Assistant United States Attorney