UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALISA WALTON, | ) |
|     Plaintiff, | ) |
| v. | ) Civ. Action No. 3:25-cv-00535-S |
| LEE ZELDIN, | ) |
|   Administrator, U.S. Environmental Protection Agency, | ) |
|     Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION LEAVE TO AMEND COMPLAINT**

Environmental Protection Agency ("Defendant") opposes Alisa Walton's Motion for Leave to Amend Complainant on two grounds, but neither holds merit.

Defendant first argues that under Fifth Circuit caselaw, "one opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleadings, [i]s sufficient." Opp'n at 5 (quoting Mitchell v. Denton Cnty. Sheriff's Off., No. 418CV00343, 2021 WL 11472332, at *2 (E.D. Tex. June 30, 2021). But—and as Ms. Walton argued in her Motion for Leave to Amend Complaint—this is not such a situation. Ms. Walton's proposed amended complaint attempts to correct pleading defects that existed only **after** transfer into the district. Ms. Walton pleaded her First Amended Complaint to the standards required by the D.C. Circuit, where pleading that placement on a Performance Improvement Plan ("PIP") by its own has been held to be sufficient to state a claim. See, e.g., Abdelhamid v. Lane Constr. Corp., 744 F. Supp. 3d 10, 17-18 (D.D.C. 2024). Accordingly, Ms. Walton complaint was not deficient when pleaded. While Ms. Walton believes this is the law as well in the Fifth Circuit and that she pleaded sufficient facts to meet even the higher standard that Defendant believes the Court should apply, her Proposed

1

Second Amended Complaint includes more facts of increased workload and that the PIP was designed to be impossible, both of which evidence harm under Fifth Circuit caselaw (but would be unnecessary to specifically plead under D.C. Circuit caselaw).

Defendant makes a second argument that amendment would be futile, but its argument is entirely conclusory and underdeveloped, rendering Ms. Walton unable to adequately respond. The entire substance of this argument is collapsed into the third column of a table titled "Why futile" in which Defendant attempts to manifest a distinction between being placed on a PIP and being on a PIP and makes the conclusory comment that the PIP being "'designed to be impossible' is wholly speculative and has no factual underpinning" without any citation or explanation as to either claim. ECF #52 at 8. Defendant appears to be arguing that the Court cannot look to the PIP itself to determine whether it was discriminatory, as the claim is only the act of placement itself. To the extent that Defendant's distinction is even a distinction, it belies belief that being placed on a PIP and being on that very same PIP would not be like or related.

But Defendant's hyper-technical, pseudo-distinction aside, Ms. Walton's allegations are hardly speculative. As Thomas Roelke—the deciding official who refused to sustain the proposal to remove Ms. Walton after she failed to meet the PIP's requirements—found, the PIP had "unrealistic" deadlines that were designed for "someone with the same level of experience and training that the supervisor had . . . and not a GS-1811-13 employee," with work product "expected to be at a higher grade" not by one but by two grade levels. ECF. No. 49 at 092-93. Defendant provides no basis to disavow the veracity of Mr. Roelke. Nor does it provide any argument why now would be the proper time to pass judgment on the credibility of one of its employees. That is a wise omission by defendant, as whether Mr. Roelke is credible is plainly a question for the jury at trial. See, e.g., Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1265 (5th Cir. 1991)

("Credibility determinations, of course, are within the province of the fact-finder."); see also United States v. Gibson, 875 F.3d 179, 185 (5th Cir. 2017) ("The jury retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." (internal quotation omitted)).

      Accordingly, Ms. Walton's motion should be granted.

Respectfully submitted,

                                                        //s// Robert C. Seldon, Esq.
                                                        Robert C. Seldon, Esq.
                                                         D.C. Bar No. 245100
                                                        Seldon Bofinger & Associates, P.C.
                                                        1319 F Street, N.W., Suite 200
                                                        Washington, D.C. 20004
                                                        Phone: (202) 393-8200
                                                         Fax: (202) 318-2287

                                                        /s/ Donald E. Uloth
                                                         Donald E. Uloth
                                                        Texas Bar No. 20374200
                                                        Law Office of Donald E. Uloth
                                                        18208 Preston Rd. Suite D-9 # 261
                                                        Dallas, Texas 75252
                                                        Phone: (214) 989-4396
                                                        Fax: (972) 777-6951
                                                        Email: don.uloth@uloth.pro

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of September, 2025, I served a copy of this document by email to:

Andrea Hyatt
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Stret, Unit #4
Andrea.Hyatt@usdoj.gov

                                            *//s//* Robert C. Seldon, Esq.
                                            Robert C. Seldon, Esq.