IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| ALISA WALTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-00535-S |
| LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, | |
| Defendant. | |

**DEFENDANT'S MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S SECOND AMENDEMNT COMPLAINT**

Defendant, Lee Zeldin, Administrator of the U.S. Environmental Protection Agency, pursuant to Federal Rule of Civil Procedure 12(f), respectfully moves this Court to strike those portions of Plaintiff's Second Amended Complaint that assert discrimination and retaliation claims that were previously dismissed by the United States District Court for the District of Columbia and are not properly before this Court. *See* D.C. District Court Memorandum Opinion and Order dated February 18, 2025 (ECF Nos. 27, 28). In support, Defendant states the following:

### I.   Introduction

On February 18, 2025, the D.C. District Court granted in part Defendant's Motion to Dismiss (ECF No. 21). The D.C. District Court found that the Plaintiff Alisa Walton failed to exhaust her administrative remedies with respect to her claims regarding the denial of a performance bonus, her removal from a significant OIG investigation in 2022,

the failure to assign her new investigations, and the absence of a full-year appraisal for Fiscal Year 2022. (Order, ECF No. 27).

The D.C. District Court held that only two of Plaintiff's claims survived Defendant's motion to dismiss: Plaintiff's discrimination and retaliation claims based on her (1) "unacceptable" rating in Fiscal Year 2021 and (2) placement on a Performance Improvement Plan. *Id*. As the Court held:

> Accordingly, the Court finds that Walton has only administratively exhausted her discrimination and retaliation claims as based on her Fical [*sic*] Year 2021 "unacceptable" rating and her placement on the Performance Improvement Plan. It will grant the defendant's motion to dismiss her unexhausted claims relating to the 2021 denial of a performance bonus, her 2022 removal from a "highly significant" OIG investigation, the failure to assign her to new investigations, and the failure to issue her a full-year appraisal for Fiscal Year 2022. *See* Am. Compl. ¶¶ 97, 102–11.

(Mem. Op. 8, ECF No. 28). In the accompanying order, the D.C. District Court found that Plaintiff had failed to establish venue in the District of Columbia for the two surviving claims related to her 2021 performance rating and placement on a Performance Improvement Plan. (Order, ECF No. 27). Accordingly, the D.C. District Court transferred those two — and only those two — surviving claims to this Court. *Id*. Following the February 18, 2025 dismissal order of all other causes of action in the D.C. District Court, the only claims transferred to and pending before this Court are Plaintiff's discrimination and retaliation claims based on an unacceptable rating in FY 2021 and placement on a Performance Improvement Plan in November 2021.

Nevertheless, Plaintiff continues to assert and allege claims that were dismissed from this litigation and which are not pending before this Court. Most recently, on

August 6, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 50). Plaintiff attached her proposed Second Amended Complaint to her Motion for Leave. Her proposed amended complaint continues to include the same claims dismissed by the D.C. District Court for failure to exhaust administrative remedies. (ECF No. 50, attachment 1).

On October 21, 2025, the Court granted Plaintiff's Motion for Leave (ECF No. 54) and Plaintiff's Second Amended Complaint was filed (ECF No. 55). This Second Amended Complaint continues to assert facts and allegations claims that relate solely to claims dismissed by the District Court of Columbia.

Specifically, and as set forth below, Defendant seeks to strike the following paragraphs from Plaintiff's Second Amended Complaint:

- Paragraphs 66-73 (which relate to Plaintiff's notice of proposed removal, which is not part of this litigation);

- Paragraphs 74-81 (which relate to the decision not to remove Plaintiff from employment, which is not related to the two pending claims in this litigation);

- Paragraphs 82-85 (which relate solely to an alleged decision not to reassign Plaintiff, a claim dismissed by the D.C. District Court);

- Paragraphs 86-93 (which relate solely to claims about a decision to investigate Plaintiff which was one of the claims dismissed by the D.C. District Court); and

- Counts I and II of the proposed Amended Complaint to the extent they continue to allege discrimination and retaliation based on "proposed removal, failure to reassign, removal from highly significant OIG investigations, failure to reassign, initiation of investigation, failure to close investigation, failure to issue full year performance appraisal." These claims were explicitly dismissed by the District of Columbia District Court on February 18, 2025. (Order, ECF No. 27).

These immaterial facts and allegations have no bearing on the two claims pending in this Court. Requiring Defendant to expend time and effort to respond to alleged facts and claims that are not part of this litigation and were already dismissed by the D.C. District Court would harm and prejudice Defendant. These dismissed claims were addressed and dismissed by the D.C. District Court.

Accordingly, Defendant seeks to strike the paragraphs and claims in Plaintiff's Second Amended Complaint that are immaterial to the pending claims and which would prejudice Defendant if improperly included as part of this litigation.

## II.    Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *See Murphy v. Remedial Constr. Servs., L.P.*, No. H-09-1134, 2010 WL 11583237, at *8 (S.D. Tex. Jan. 11, 2010) (explaining that motions to strike are utilized "'to clean up the pleadings, streamline

litigation, and avoid unnecessary forays into immaterial matters'") (*quoting Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009)). In particular, Rule 12(f) may be used to prevent a party that is attempting to "circumvent or blatantly ignore" a court's prior by reasserting previously adjudicated issues "cloaked as newly raised claims." *See Cambridge Toxicology Group v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2022) (granting the defendants' motion to strike because Cambridge Toxicology's pleadings "constitute more of the patently duplicative litigation that has run rampant throughout this litigation. . . . [Cambridge Toxicology] does not have the right to use its reply and counterclaim to circumvent or blatantly ignore the Court's prior rulings").

## III.    Argument and Authorities

Defendant objects to portions of Plaintiff's Second Amended Complaint that relate solely to claims that are not before this Court. This includes: the dismissal of the notice and misconduct investigation, the 2021 denial of a performance bonus, removal from a highly significant 2022 OIG investigation, failure to assign new investigations, and the failure to issue a full-year appraisal for Fiscal Year 2022. (Mem. Op. 8, ECF No. 28). These claims were dismissed with prejudice by the D.C. District Court, they were not transferred to this Court, and they are not live claims before this Court. Striking the immaterial allegations that seek solely to resurrect claims already dismissed by the District Court of District of Columbia will streamline the proceedings and clarify the matters actually in dispute.

Requiring Defendant to respond to alleged facts and claims that *relate solely to claims already dismissed* by the D.C. District Court would be a waste of time and resources and would unfairly prejudice Defendant. Defendant has already briefed – and prevailed on — a motion to dismiss these claims. If Defendant has to respond to previously dismissed claims that were not transferred to this Court, this would be tantamount to ignoring the D.C. District Court's February 18, 2025 Order.

The above-cited portions of Plaintiff's Second Amended Complaint are improper and as submitted to this Court, it essentially attempts to circumvent the D.C. District Court's prior ruling. (*See* Mem Op. 8, ECF No. 27; Order, ECF No. 28). Accordingly, Defendant respectfully requests that these portions of the Plaintiff's Second Amended Complaint be stricken.

### IV.     Conclusion

For the reasons stated above, the Defendant requests that the Court grant Defendant's motion to Strike Portions of Plaintiff's Second Amended Complaint, along with any such relief as this Court deems just and appropriate.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Tel: 817.252.5230
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

*Attorneys for Defendant*

Certificate of Service

On November 3, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrea Hyatt*
Assistant United States Attorney