## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ALISA WALTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:25-CV-00535-S** |
| ) | |
| **LEE ZELDIN,** ) | |
| **Administrator, U.S. Environmental** ) | |
| **Protection Agency,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATON

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 54(b), Fed. R. Civ. P., to reconsider and vacate the Memorandum Opinion and Order issued by the U.S. District Court for the District of Columbia on February 18, 2025, in *Walton v. Zeldin*, Civ. Action No. 23-2213 [ECF #28 at 5-8; ECF #27], to the extent that they dismissed plaintiff's claims of retaliation claims asserted in Count II of the Amended Complaint by that District Court [ECF #20-1, ¶¶ 114-23], on the ground that plaintiff did not exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). The Second Amended Complaint filed with this Court expanded upon those allegations and was over filed with leave of the Court over defendant's opposition. ECF #54, ECF # 55. this District [ECF #55, ¶¶ 114-23], on the ground that plaintiff did not exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c).

In short, that aspect of the Memorandum and Opinion of the District of Columbia District Court should be reconsidered and vacated because precedent from the D.C. Circuit on which that decision was based is diametrically at odds with Fifth Circuit precedent on the subject of

1

exhaustion. *Compare, e.g., Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), *Sanchez v. Standard Brands, Inc.*, 431 F.2nd 455, 464-65 (5th Cir. 1970), and *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1280-81 (5th Cir. 1994), *with* ECF #28 at 5-8 (citing, among other authorities *Park v. Howard, 71 F.3d 904, 907 (D.C. Cir. 1995), Mount v. Johnson,* 36 F.3d 74, 83-84 (D.D.C. 2014); *Laughlin v. Holder*, 923 F. Supp.2nd 204, 209 (D.D.C. 2013), and *McKeithen v. Boarman*, 803 F. Supp.2nd 63, 68 (D.D.C. 2011)).

The full grounds in support of this Motion are explained in the accompanying Brief, to which the Court is respectfully referred

A proposed Order has also been submitted, in accordance with Rule 7(h), of the Local Rules of this Court.

Respectfully submitted,

//s// Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff
rcs@sba-pc.com

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on November 13, 2025, I conferred about this Motion with Assistant United States Attorney Andrea Hyatt, counsel for defendant, via email, and was advised that it will be opposed.

<u>//s// Robert C. Seldon, Esq.</u>
Robert C. Seldon, Esq., *pro hac vice*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ALISA WALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-CV-00535-S** |
| | ) | |
| **LEE ZELDIN,** | ) | |
| **Administrator, U.S. Environmental** | ) | |
| **Protection Agency,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger &
Associates, P.C. 1319 F
Street, N.W., Suite 200
Washington, D.C. 20004
Phone: (202) 393-8200
Fax: (202) 318-2287
rcs@sba-pc.com

Counsel for Plaintiff

November 17, 2025

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

THE DECISION IN THE ORIGINAL *WALTON* CASE MUST BE RECONSIDERED AND
VACATED TO CONFORM TO FIFTH CIRCUIT PRECEDENT . . . . . . . . . . . . . . . . . . . . . . 4

     I.     The Standards for Reconsideration Are Met Here . . . . . . . . . . . . . . . . . . . . . . . . 4

     II.    Fifth Circuit Precedent On Exhaustion Of Administrative Remedies
            Is Markedly Different from D.C. Circuit Precedent . . . . . . . . . . . . . . . . . . . . . . . 6

     III.   EPA Is Judicially Estopped From Disputing That Fifth Circuit Precedent
            Now Determines Whether Plaintiff Exhausted Administrative Remedies . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Abshire v. Seacoast Products, Inc.,* 668 F.2d 832 (5th Cir. 1982)........................................... 6

*Brown v. Wichita County,* No. 7:05-cv-108-0, 2011 WL 1562567 (N.D. Tex. Apr. 26, 2011)......... 6

*Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800 (1988)............................................. 6

*Clark v. Kraft Foods, Inc.,* 18 F.3d 1278 (5th Cir. 1994) ...................................................... 4

*Clayton v. Rumsfeld*, 106 Fed. Appx. 268 (5th Cir. 2004) .................................................... 4, 7

*Davis v. Wakelee,* 156 U.S. 680 (1895) .............................................................................. 11

*Delisle v. Brimfield Township Police Dept.*, 94 Fed. Appx. 247 (6th Cir. 2004) ............................. 8

*Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018) .................................................... 9

*Gottlieb v. Tulane University of Louisiana,* 809 F.2d 278 (5th Cir. 1987) ................................... 9

*Gupta v. East Texas State University,* 654 F.2d 411 (5th Cir. 1981) ....................................... 4, 8, 9

*Hamilton v. Dallas County,* 79 F.4th 494 (5th Cir. 2023) ..................................................... 5

*Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir. 1990) ............................ 6

*Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir. 1994) (en banc).................................... 6

*Loumar, Inc. v. Smith,* 698 F.2d 759 (5th Cir. 1983).......................................................... 6

*McClung v. Gautreaux,* No. 11-263, 2011 WL 4062387 (M.D. La. Sept. 13, 2011)........................ 6

*Muldrow v. City of St. Louis,* 144 S. Ct. 967 (2024) ............................................................ 5

*National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) ........................................ 9

*Nealon v. Stone, 958 F.2d 584* (4th Cir. 1992) ................................................................... 9

*New Hampshire v. Maine,* 532 U.S. 742 (2001) .................................................................. 11

*Owens v. New York City Housing Authority*, 834 F.2d 405 (2d Cir. 1991) ................................... 8

*Reed v. City of Arlington,* 650 F.3d 571 (5th Cir. 2011) (en banc) ......................................... 10

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970) ............................................. 4, 10

*Smith v. Dallas County Hospital District,* 2014 WL 645248 (N.D. Tex. Feb. 19, 2014)................ 9

*Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.,* 677 F.3d 720 (5th Cir. 2012) ......................................................... ...................................... 6

*Taylor v. Texas Southern University*, 2013 WL 5410073 (S.D. Tex. Sept. 25, 2013) ..................... 9

*Templet v. HydroChem Inc.,* 367 F.3d 473 (5th Cir. 2004) ................................................... 6

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) ................................................................. 7, 8

*Waltman v. Int'l Paper Co.,* 875 F.2d 468 (5th Cir. 1989) ................................................... 6

*Wedow v. City of Kansas City, Mo.*, 442 F.3d 661 (8th Cir. 2006) ..................................................... 9


**<u>Regulations</u>**

29 C.F.R. § 1614.105(b)(1) ................................................................................ 7

29 C.F.R. § 1614.105(1) ................................................................................... 9

42 U.S.C. § 2000e-16(c) ................................................................................... 7, 8

**<u>Rules</u>**

Federal Rule of Civil Procedure 54(b)............................................................. 5, 6

Federal Rule of Civil Procedure 59(e)............................................................. 6

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

## PRELIMINARY STATEMENT[1]

Alisa Walton, the plaintiff in this action, is a highly regarded Special Agent/Criminal Investigator with the Office of the Inspector General ("OIG"), Office of Investigations ("OI"), of the Environmental Protection Agency ("EPA" or "defendant") assigned to the OIG Field Office in Dallas, Texas.  ECF# 20-1, ¶¶ 1, 6, 26, *et seq.*; ECF#55, ¶¶ 6, 26, *et seq.*[2]  The case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c).  ECF #1.  As framed in the original Complaint and Amended Complaint filed with consent in the U.S. District Court for the District of Columbia [ECF #20-1; Minute Order of Feb. 26, 2024], and in the Second Amended Complaint that was filed with leave from this Court [ECF #54, ECF #55], Count I of each Complaint alleges that defendant discriminated against plaintiff because of her race (African American), her sex (female), and her race plus her sex.  ECF #1, ¶¶ 97-113, ECF #20-1, ¶¶ 97-113, ECF #55, ¶¶ 97-113. Count II of each Complaint alleges that defendant retaliated against plaintiff for filing an administrative EEO complaint over the actions she alleged in Count I were discriminatory. ECF #1, ¶¶ 114-123 ECF #20-1, ¶¶ 114-123, ECF #55, ¶¶ 114-123.

---

[1]    Plaintiff's Motion for Reconsideration addresses one issue; namely, whether the Court should reconsider and vacate the Memorandum Opinion and Order issued by the U.S. District Court for the District of Columbia on February 18, 2025, in *Walton v. Zeldin*, Civ. Action No. 23-2213 ("the original *Walton* case"), ECF #28 at 5-8; ECF #27], to the extent that they dismissed plaintiff's claims of retaliation claims asserted in Count II of the Amended Complaint by that District Court [ECF #20-1, ¶¶ 114-23] on the ground that plaintiff did not exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). The Second Amended Complaint filed with this Court expanded upon those allegations and was over filed with leave of the Court over defendant's opposition. ECF #54, ECF # 55.  Plaintiff's anticipated responses to Defendant's Motion to Strike [ECF #57] and Defendant's Renewed Motion to Dismiss [ECF #58] will focus more on other issues in the context of those Motions.

[2]    ECF numbers from ECF #1 to ECF #28 refer to documents filed in the original *Walton* case in the U.S. District Court for the District of Columbia.  Docket numbers starting from ECF #29 were filed in this Court.  This case was transferred to this jurisdiction upon the issuance of the Order in the original *Walton* case and docketed in this Court on March 3, 2025 [ECF # 29].

Plaintiff's Complaint in the original *Walton* case, the Amended Complaint that was transferred to this district, and the Second Amended Complaint filed here with leave of Court challenged the same six employment actions. The first action is issuing plaintiff an Unacceptable Performance Rating and denying plaintiff a performance bonus for Fiscal Year 2021, which started on October 12, 2021; the second action is placing plaintiff under a Performance Improvement Plan on November 10, 2021; the third is issuing plaintiff a Notice of Proposed Removal from the federal service on March 1, 2022; the fourth is failing to reassign plaintiff on April 22, 2022; the fifth is opening an investigation into plaintiff; and the sixth and final action is failing continuously to close out that investigation. ECF #1, ¶¶ 97-123; ECF #20-1, ¶¶ 97-123*;* ECF #55, ¶¶ 97-123*.* There has never been a change in any of these actions.

Nor have there been any changes in the bases for plaintiff's claims. The now-operative Second Amended Complaint, like the Complaints in the original *Walton* case, is divided into two Counts. Count I alleges that defendant discriminated against plaintiff in taking or failing to take these six of the employment actions because of her race, sex, and race plus her sex. ECF #55, ¶¶ 97-113, *accord* ECF #1, ¶¶ 97-113; ECF #20-1, ¶¶ 97-113. Count II alleges that in taking the third through the sixth of these actions, defendant retaliated against plaintiff for filing her original EEO complaint. ECF #55, ¶¶ 114-23, *accord* ECF #1, ¶¶ 114-23; ECF #20-1, ¶¶ 114-23.[3]

Walton timely identified these claims in her original and amended administrative EEO complaints and all were investigated by EPA as were other claims as the investigation went along.

---

[3]    This Motion seeks reconsideration of the Memorandum Opinion and Order in the original *Walton* case that dismissed all of plaintiff's claims of retaliation as set forth in Count II of the Amended Complaint. (ECF #28 at 5-8; ECF #27). Plaintiff's claims of discrimination in Count I over the first and second employment actions identified above – plaintiff's Unacceptable rating for Fiscal Year 2021 and being place on a Performance Improvement Plan – were not affected by the Memorandum Opinion and Order, and plaintiff is not seeking reconsideration of the dismissal of her claims of discrimination over the third through the sixth employment actions in Count I.

Appendix ("App.") at 0003-000106, Letter of Acceptance of Formal Complaint of March 23, 2022; App. at 00007-00010, Letter of Acceptance of Amended Formal Complaint of May 23, 2022; App. at  00045-00093, Investigative Report.[4].  The investigator assigned to investigate plaintiff's administrative complaints began by taking two Affidavit from plaintiff concerning her original administrative complaint and plaintiff's amended complaint, including her claims of retaliation.  App. at 71-116.

The EEO investigator also took Affidavits from the management officials who plaintiff alleged were discriminating and retaliating against her.  One was the official who dismissed the proposal to remove plaintiff, whose Affidavit explained why he dismissed the proposed removal and discussed why he did not reassign plaintiff away from her management chain once he did. App. at 238-47.  Among other things, that official explained that the Notice of Proposed Removal was unsupported and created a disadvantageous environment where plaintiff was improperly held to the performance standard of a higher graded higher Special Agent.  App. at 238-47.

The investigator also took a detailed Affidavit from the official who initiated an investigation into plaintiff which alleged and why it was never closed out.  App. at 178, *et seq.* Two Affidavits were taken from plaintiff's supervisor who initiated the employment actions at issue in this case as well, as was his supervisor and one of his senior managers also gave an Affidavit.  App. at 99-115, 116-74, 190-237.  All or the management officials were asked a series of questions about whether they retaliated against plaintiff and their usually blithe denials were diametrically opposed to hers.  *Compare* App. at 99-115 *with* App. at  175-78, 197, 206-208, 239-40.

---

[4]    The documents in the Appendix were identified and explained in the accompanying Declaration of Robert C. Seldon, Esq.,

All of plaintiff's allegations of retaliation appeared in plaintiff's original Complaint, as dp all in her two amended Complaints. ECF #1, ¶¶ 61-91; ECF #20-1, ¶¶ 61-91; ECF #55, ¶¶ 61-91). Nonetheless, in the original *Walton* case, the District Court dismissed plaintiff's retaliation claims despite the fact they were timely, specific, and investigated because plaintiff identified them in her amended administrative complaints they were investigated as parts of an on-going hostile work environment instead of discrete employment actions. ECF #28 at 5-8. That decision is irreconcilably at odds with Fifth Circuit precedent.

In *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970), the Fifth Circuit specifically held that "the crucial element of a charge of discrimination is the factual statement contained therein," not the type of discrimination or retaliation that a complainant alleges. *Id*. at 462. The Fifth Circuit affirmed the continued vitality of *Sanchez* in the more recent decision *Clayton v. Rumsfeld*, where it again held that "[t]he crucial element of a charge of discrimination is the factual statement contained therein." 106 Fed. Appx. 268, 271 (5th Cir. 2004). In *Clark v. Craft Foods, Inc.,* 18 F.3d 1278 (5th Cir. 1994), the Fifth Circuit expressly held that the "actual scope" of an EEO "claim does not determine whether a claim is exhausted;" rather, it is the investigation of a claim that creates a "strong inference" that it was exhausted. *Id*. at 1280. And in *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981), the Fifth Circuit expressly held "we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Id*. at 414.

Moreover, unlike the plaintiffs in all of these cases, Walton *did* file timely amendments to her original discrimination complaint to include subsequent, related acts of retaliation; *and* those claims were accepted for investigation and investigated by the agency as were others. App. at 3-10. 11-70. The District Court in the District of Columbia seized on the fact that these claims were

4

framed as part of a hostile work environment instead of discrete employment actions. ECF #28 at 7. Plaintiff did so because she had no choice. Those claims could not have been pursued as discrete employment actions until two years after plaintiff filed amendments to her original administrative complaint in which retaliation was alleged, when the Supreme Court issued its decision in *Muldrow v. City of St. Louis*, 144 S.Ct. 967, 975 (2024).[5] Since Walton was not required under Fifth Circuit precedent to file follow-on complaints to pursue her claims of retaliation, *a fortiori*, the fact that she denominated those claims as parts of a hostile work environment is irrelevant. That is particularly the case here because they were investigated at the administrative level. Therefore, plaintiff respectfully requests that this Court reconsider and vacate the Memorandum Opinion in the original *Walton* case and reinstate the claims of retaliation set forth in Count II of plaintiff's Second Amended Complaint.

## **ARGUMENT**

### **THE DECISION IN THE ORIGINAL WALTON CASE MUST BE RECONSIDERED AND VACATED TO CONFORM TO FIFTH CIRCUIT PRECEDENT**

### I.    **The Standards for Reconsideration Are Met Here**

Under Rule 54(b), FRCP, an interlocutory "order or other decision … that adjudicates fewer than all the claims" of "all the parties [and] does not end the action … and may be revised at any time before the entry of a [final] judgment." It balances the judicial interest in delivering a decision that correctly determines the rights of parties and the doctrine of the law of the case. The Rule weighs the balance decidedly in favor of ensuring that a correct decision is rendered. It leaves "the trial court … free to reconsider and reverse its decision for any reason it deems sufficient,

---

[5]    The Fifth Circuit's *en banc* decision in *Hamilton v. Dallas County*, 79 F.4th 494, 501-02 (5th Cir. 2023) (August 18, 2023) was not issued until well over a year from after EPA accepted plaintiff's amended administrative complaint alleging those claims. App. at 7-10.

even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (criticized for error in summary judgment standards in *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*) (quoted in *Brown v. Wichita Cty.*, No. 7:05-cv-108-0, 2011 WL 1562567 at *2 (N.D. Tex. Apr. 26, 2011) (quoting *Lavespere*, 910 F.2d at 185) (quoted in *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).  Under Rule 54(b): "The law of the case doctrine is not … a barrier to correction of judicial error.  It is a rule of convenience and utility."  *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983)[6]

Rule 54(b) "does not distinguish between, on the one hand, a situation where a trial judge revises his own order, and, on the other hand, a situation where a second judge revises the earlier order of a previous judge."  *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-27 (5th Cir. 2012).  When a successor judge replaces another judge, "[t]he successor judge has the same discretion as the first judge to reconsider [the first judge's] order." *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837-38 (5th Cir.1982).[7]  Rule 54(b) standards apply when a case has been transferred from one District Court to another and one Circuit Court to another.  *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 (1998).  Here, in contrast, reconsideration is not being sought of the decision to transfer the original

---

[6]    Reconsideration of an order disposing of an entire case must meet the far more demanding standard of a motion to alter or amend a judgment of Rule 59(e), FRCP.  That Rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence;" it is "an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration in original) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[7]    Reconsideration ensures that all litigants raising similar issues are treated equally.  *Stoffels ex rel. SCC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 728 (5th Cir. 2012) ("Seeking consistent treatment of similarly situated litigants is a proper basis for the exercise of discretion under Rule 54(b)" to reconsider decisions of a prior judge). .

6

*Walton* case, but to reconsider the dismissal of the retaliation claims in Count II.

## II. Fifth Circuit Precedent On Exhaustion Of Administrative Remedies Is Markedly Different from D.C. Circuit Precedent

In *Sanchez*, the Fifth Circuit expressly held that plaintiff who only checked the box for one category of discrimination (*e.g.* discrimination based on sex) in an administrative charge did not preclude her from pursuing claims based on other bases (*e.g.*, discrimination based on race, color, and national origin) when she amended her administrative complaint. 431 F.2d at 462.[8] *Sanchez* expressly held that "the crucial element of a charge of discrimination is the factual statement;" in contrast, the basis of a charge "is in reality nothing more than the attachment of a legal conclusion to the facts alleged." *Id*. Walton did far more. In accordance with public sector "like or related" procedures, 29 C.F.R. § 1614.105(b)(1), Walton filed a highly detailed and complete amended complaint alleging retaliation that defendant accepted in full for investigation and then investigated along with other claims. App. at 3-70. Until the Supreme Court's decision in *Muldrow*, the only basis that Walton could allege in her amended administrative complaint was that she was the subject of a retaliatory hostile work environment. If Walton had denominated those facts as comprising separate discrete acts, her complaint would have been dismissed immediately.[9]

In *Gupta*, unlike the interpretation of D.C. Circuit precedent in the Memorandum Opinion in the original *Walton* case, the Fifth Circuit explicitly held that a plaintiff is not required to exhaust her remedies in the Title VII administrative EEO complaints process to pursue retaliation claims

---

[8]      Walton did far more. Walton filed an amended complaint fully setting forth that the agency accepted in full for investigation in accordance with public sector complaints procedures. 29 C.F.R. § 1614.105. Public and private filing procedures are treated as identical with respect to exhaustion. *Terry v. Ashcroft*, 336 F.3d 128, 150-51 (2nd Cir. 2003).

[9]      *Sanchez* remains the law in the Fifth Circuit. *Clayton*, 106 Fed. Appx. at 271.

based on events that arose after the events that formed the basis of the original complaint of discrimination in a consolidated case in district court. 654 F.2d at 413-14. The plaintiff in *Gupta* filed an administrative complaint of discrimination against a state university claiming that its alleged disparate treatment in salary, its denial of his request for medical leave, and its denial of summer employment were discriminatory. *Id.* at 412-13. After the *Gupta* plaintiff filed that complaint, "he was notified that his teaching contract would not be renewed for the following year," and he included a claim of retaliation over the nonrenewal in the case he brought in court. *Id.* at 413. When the case reached district court, the retaliation claim was dismissed on the ground that it was not exhausted administratively in a separate complaint.

On appeal, the Fifth Circuit reversed that portion of *Gupta* even though the events underlying plaintiff's retaliation claims could not possibly have been included in his original administrative complaint of discrimination. In the words of the Fifth Circuit, "we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Id*. at 414. Thus, under *Gupta*, even if Ms. Walton had not filed follow-on complaints claiming retaliation, those claims could still not be dismissed under the exhaustion doctrine.

*Gupta* is not a one-off outlier. Indeed, the same result was reached by the Sixth Circuit in *Delisle v. Brimfield Township Police Dept.,* 94 Fed. Appx. 247, 252-53 (6th Cir. 2004) (exhaustion of a claim of retaliation properly raised for the first time in litigation when reasonably related to the claims that were exhausted administratively) (internal citation and quotation marks omitted). *Terry,* 336 F.3d at 151 (2nd Cir. 2003) (separate exhaustion not required for claims of retaliation and other claims that "fall within the scope of the EEOC investigation") (internal quotation marks omitted); *Owens v. New York City Housing Authority*, 834 F.2d 405, 410-411 (2nd Cir. 1991)

("when an employee brings a claim alleging retaliation for filing a complaint with the EEOC, the retaliation claim is deemed 'reasonably related' to the original EEOC filing" and "may thus be heard notwithstanding [a] plaintiff's failure to state it in a separate complaint."); *Duplan v. City of New York*, 888 F.3d 612, 622 (2nd Cir. 2018) (exhaustion not required for retaliation claims arising while an EEO complaint is pending); *Nealon v. Stone*, 958 F.2d 584, 591 (4th Cir. 1992) (retaliation arising while an administrative complaint of discrimination is pending need not be separately exhausted); *Gottlieb v. Tulane University of Louisiana*, 809 F.2d 278, 284 (5th Cir. 1987) (discussing *Gupta* favorably). Even where a *per se* rule about exhaustion of subsequent charges of retaliation has not been adopted, if challenged subsequent claims fall within the scope of an administrative investigation – and here they unquestionably did because they were in fact investigated– they do not need to have been the subjects of a separate charge to be actionable in litigation. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 674 (8th Cir. 2006). [10]

---

[10] Although the doctrine that a new complaint alleging retaliation because of an earlier discrimination complaint need not be exhausted is not universally recognized outside the Fifth Circuit, unless and until *Gupta* is reconsidered in light of *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 (2002), "it remains the law of the [Fifth] Circuit that a claim alleging retaliation for the filing of a of an earlier EEOC charge need not be separately exhausted." *Smith v. Dallas County Hospital Distr.,* 2014 WL 645248 at *4 (N.D. Tex. Feb. 19, 2014) (citing *Taylor v. Texas Southern University*, 2013 WL 5410073 at*5, n.4 (S.D. Tex. Sept. 25, 2013)).

Regardless, *Morgan* does not apply in the setting of this case.

*Morgan* concluded that an untimely unexhausted claim of discrimination over a discrete employment action that expired "outside of the statutory time period for filing charges" is not revived by the subsequent filing of a complaint "within the statutory time period." 536 U.S. at 108-09. That is a far sight from the circumstances present here. Walton filed a timely amendment to her original complaint *after* and about employment actions *following* her original complaint. App. at 3-10. There is not and never has been any doubt that Walton's amended complaint alleging retaliation was filed within the statutory period in 29 C.F.R. §1614.105(1). *Id.* The sole question raised in this Motion is whether describing her claims of retaliation as being part of a hostile work environment – the only way those claims could be described until two years later when the Supreme Court decided *Muldrow* – rendered Walton's retaliation claims untimely. In the Fifth Circuit, in contrast to the D.C. Circuit, Walton's specification of the facts supporting her claims

### III.    EPA Is Judicially Estopped From Disputing That Fifth Circuit Precedent Now Determines Whether Plaintiff Exhausted Administrative Remedies.

In the original *Walton* case, EPA specifically argued in its Motion to Dismiss or for Summary Judgment or, in Alternative, Motion to Transfer Venue that "venue is improper in this judicial district," and that "the *sole* judicial district with any connection to" plaintiff's claims "is the Northern District of Texas."  ECF #21 at 33 (emphasis supplied).  In alternatively seeking to transfer the original *Walton* case to this district, defendant again explicitly argued that "plaintiff could have brought the action" here, and "that the United States District Court for the Northern District of Texas is the proper venue."  *Id.* at 36.  By the same token, defendant has not doubted for a minute that Fifth Circuit precedent governs substantive issues of employment law in this case. *See* Defendant's Second Renewed Motion to Dismiss, ECF #58 at 3-4 (citing 23 authorities, all but one from the Fifth Circuit or the Supreme Court); Defendant's Motion to Strike, ECF #56 at 4-5.

Having strenuously, repeatedly, and successfully argued in the original *Walton* case that this case bears no connection to any district but the Northern District of Texas [ECF #21 at 33, 36], and relying on no precedent from the D.C. Circuit in its pending Motions, defendant is barred from disputing that Fifth Circuit precedent must be applied to resolve the issue of whether plaintiff exhausted or need not have exhausted her administrative remedies.  *Reed v. City of Arlington*, 650 F.3rd 571, 573-74 (5th Cir. 2011) (*en banc*).  This is so because the doctrine of judicial estoppel prevents a party from "'gain[ing] an advantage by litigation on one theory, and then seek[ing] an

---

and the ensuing investigation governs whether her claims of retaliation were timely.  *E.g.*, *Sanchez.*, 431 F.2d at 462.  Walton's denomination of those claims as parts of a hostile work environment as opposed to discrete acts or retaliation is meaningless.  *Id.*

inconsistent advantage by pursuing an incompatible theory.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 4477, p. 782 (1981)).   Simply put, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). Therefore, *Clayton, Sanchez, Craft,* and *Gupta,* among other authorities, must be applied to determine whether plaintiff's claims of retaliation should have been dismissed on exhaustion grounds. These authorities and others plainly hold that they could not have been dismissed.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully moves the Court to reconsider and vacate the Memorandum Opinion and Order of the U.S. District Court for the District Court [ECF #27, ECF #28] insofar as they dismissed plaintiff's claims of retaliation.


Respectfully submitted,


*//s//* Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff
rcs@sba-pc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, I served a copy of Plaintiff's Motion for Reconsideration, Brief in Support of that Motion, Declaration of Robert C. Seldon, Esq., and Proposed Order upon Assistant United States Attorney Andrea Hyatt, counsel for defendant, through the U.S. Courts' PACER system in accordance with Rule 5(b)(2)(e) of the Federal Rules of Civil Procedure.

<div style="margin-left:40%;">

//s// Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*

</div>