UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALISA WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-CV-00535-S |
| | ) |
| LEE ZELDIN, | ) |
| Administrator, U.S. Environmental | ) |
| Protection Agency, | ) |
| | ) |
| Defendant. | ) |

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE[1]

## PRELMINARY STATEMENT

Plaintiff's Motion for Leave to File a Second Amended Complaint on August 6, 2025, was accompanied by a proposed Second Amended Complaint. ECF #50, ECF #50-1. Over defendant's objection [ECF #52], on October 21, 2025, the Court granted plaintiff leave to file that Amended Complaint and it was docketed that same day. ECF #54, ECF #55.[2]

---

[1] This Response focuses on the issues raised in Defendant's Amended Motion to Strike. ECF #57. Plaintiff's Motion for Reconsideration addresses whether the Court should reconsider the Memorandum Opinion and Order issued by the U.S. District Court for the District of Columbia on February 18, 2025, in *Walton v. Zeldin*, Civ. Action No. 23-2213 ("the original *Walton* case"). ECF #32, #28. Plaintiff's Responses to Defendant's Motion to Strike [ECF #57] and Defendant's Second Renewed Motion to Dismiss [ECF #58] focus more directly on issues in the context of those Motions.

ECF numbers from ECF #1 to ECF #28 refer to documents filed in the original *Walton* case in the U.S. District Court for the District of Columbia. Docket numbers starting from ECF #29 were filed in this Court. The case was transferred to this jurisdiction upon the issuance of the Order in the original *Walton* case and docketed in this Court on March 3, 2025 [ECF # 29].

[2] The Court's Order of October 21, 2025, also terminated defendant's Renewed Motion to Dismiss [ECF #47] as moot. ECF #54 at 2.

On November 3, 2025, defendant filed a Motion to Strike portions of the very Complaint that the Court had just granted plaintiff leave to file. ECF #56.[3] None of the arguments defendant unsuccessfully advanced in opposing Plaintiff's Motion for Leave to file the Second Amended Complaint re-appear in Defendant's Motion to Strike. *Compare* ECF #57 at 5-6 *with* ECF #52 at 4-8. Defendant's Motion to Strike amounts to nothing more than an attempt to re-visit the Court's Order granting leave to amend without complying with Rule 54(b), FRCP, which governs reconsideration or interlocutory orders.

Regardless of its procedural infirmity, the substance of Defendant's Motion to Strike is deeply flawed. The claims that defendant seeks to strike from Plaintiff's Second Amended Complaint are properly included in it regardless of their dismissal in the original *Walton* case or this Court's adjudication of Plaintiff's Motion for Reconsideration. ECF #60. *Bryant v. Military Department,* 2005 WL 8171753*1 (S.D. Miss. Dec. 9, 2005). Even if that was not the case, the allegations supporting those claims are admissible evidence of defendant's intent and current discrimination toward plaintiff. *Rutherford v. Harris County, Tex.,* 197 F.3d 173, 186 (5th Cir.1999).

---

[3]   Defendant re-filed its Motion to Strike because it was missing the certificate that defendant's counsel had conferred with plaintiff's counsel and ascertained plaintiff's position on the Motion. ECF #57.

Defendant filed its Second Renewed Motion to Dismiss the day after moving to strike sections of the Second Amended Complaint. ECF #58. By that time, defendant had already moved to dismiss twice in the original *Walton* case and plaintiff opposed both of those Motion in two detailed Oppositions. ECF #9, ECF #14, ECF #21, ECF #23. Before filing its Second Renewed Motion to Dismiss, defendant had already filed a Renewed Motion to Dismiss in this Court that plaintiff opposed at great length in her Response to that Motion. ECF #47, ECF #48. This Motion is the first time that defendant has moved to strike anything from the original or amended Complaints.

# ARGUMENT

## DEFENDANT'S MOTION TO STRIKE MUST BE DENIED

### I. Including Dismissed Claims In An Amended Complaint Is Perfectly Proper

The larger of the two reasons for including dismissed claims in an amended complaint is to ensure that they are not waived in the event of an appeal. *Bryant*, 2005 WL 8171753*1 (denying motion to strike on the grounds that "the court is unwilling to compel the Plaintiff … to risk waiving some of his claims against the Defendants by omitting them from his Amended Complaint."). This practice is undeniably more prudent than omitting claims that were dismissed by an interlocutory order and facing an argument on appeal, however poorly taken, that a dismissed claim that was not repeated or incorporated by reference was abandoned or waived. *E.g.*, *Williams v. Wynne*, 533 F.3d 360, 366 (5th Cir. 2008); *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1238 (5th Cir. 1978), *vacated on other grounds*, 444 U.S. 959 (1979); *Burback v. Brock*, 2023 WL 4532803*4 (5th Cir. July 13, 2023). That is one of the reasons why claims dismissed in the original *Walton* case [ECF #27, CF #28] have been included are included in plaintiff's Second Amended Complaint.

### II. The Facts Alleged In Plaintiff's Second Amended Complaint Are Evidence of Defendant's Discrimination Toward Plaintiff

The second reason for including administratively unexhausted claims in an amended complaint is that the evidence on which they are based comprises evidence of claims that are actionable. *Rutherford v. Harris County, Tex.,* 197 F.3d 173, 186 (5th Cir.1999) ("Evidence concerning a claim that is not on trial because it exceeds the scope of the plaintiff's EEOC charge does not automatically lose its relevance or probative value to a claim that remains."); *Cortez v. Maxus Exploration*, 977 F.2d 195, 199-200 (5th Cir. 1992) (citing and quoting *Downey v. Southern*

*Natural Gas Co,* 649 F.2d 302, 305 (5th Cir.), *rehearing denied*, 656 F.2d 704 (5th Cir. 1981); *Fisher v. Proctor & Gamble Manufacturing Co.,* 613 F.2d 527, 540 (5th Cir.), *rehearing denied*, 618 F.2d 1389 (5th Cir.), *cert. denied*, 449 U.S. 1115 (1981)*; Crawford v. Western Electric Co.*, 614 F.2d 1300, 1314 (5th Cir.), *rehearing denied*, 620 F.2d 300 (5th Cir. 1980).

The Statement of Facts in Plaintiff's Brief in Opposition to Defendant's Second Renewed Motion to Dismiss[4] specifically demonstrated that allegations in the Second Amended Complaint about discriminatory acts toward plaintiff underlying claims that were dismissed by the Memorandum Opinion and Order issued in the original *Walton* case [ECF # 27, ECF #28] related to those acts were directly related to claims that were not dismissed (referencing ECF #55, ¶¶42-58, 74-77, 80-82, 93).

This is particularly true concerning the harm that plaintiff suffered and that it is actionable under *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) and *Hamilton v. Dallas Cnty.,* 79 F.4th 494 (5th Cir. 2023) (*en banc).* Plaintiff's allegations of harm under *Muldrow* and *Hamilton* are the subjects of Sections II, III, and IV in Plaintiff's Brief in Opposition to Defendant's Second Renewed Motion to Dismiss.[5] These allegations respond to defendant's arguments on this very subject, which comprise the entire second half of Defendant's Second Motion to Dismiss. ECF #58 at 16-27. They remain relevant.

---

[4] Because this Opposition and Plaintiff's Brief in Opposition to Defendant's Second Renewed Motion to Dismiss are being filed simultaneously, ECF citations to Plaintiff's Brief cannot be included in this Opposition.

[5] *See* n.4, *supra.*

Respectfully submitted,


*//s//* Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff
rcs@sba-pc.com


/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2025, I served a copy of the Response to Defendant's Motion to Strike upon Assistant United States Attorney Mary M. Cherry, counsel for defendant, through the U.S. Courts' PACER system in accordance with Rule 5(b)(2)(e) of the Federal Rules of Civil Procedure.

                                                                              *//s//* Robert C. Seldon, Esq.
                                                                               Robert C. Seldon, Esq., *pro hac vice*