IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

ALISA WALTON,

      Plaintiff,

v.

LEE ZELDIN, Administrator, U.S.
Environmental Protection Agency,

Defendant.

Civil Action No. 3:25-cv-00535-S

**AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
AND REPLY TO DEFENDANT'S SECOND RENEWED MOTION TO DISMISS**

RYAN RAYBOULD
UNITED STATES ATTORNEY

Mary M. (Marti) Cherry
Assistant United States Attorney
Texas Bar No. 24055299
1100 Commerce Street, Third Floor
Dallas, TX  75242
Telephone:  214-659-8600
Facsimile:  214-659-8807
E-mail:  mary.cherry@usdoj.gov

*Attorneys for Defendant*

## Table of Contents

I.      Background ..................................................................................... 2

    A.    Most of Walton's claims are dismissed, and the case is transferred. ............... 2

    B.    Walton files a second amended complaint, disregarding the District of Columbia's dismissal order. ........................................................... 4

    C.    Defendant files a second renewed motion to dismiss, which is pending before the Court. ...................................................................... 6

        1.    Walton's discrimination and retaliation claims in the second amended complaint fail. ...................................................... 6

        2.    Walton responds to Defendant's Second Renewed Motion to Dismiss ......................................................................... 7

    D.    Walton files a motion for reconsideration of the D.C. dismissal decision, which is pending before the Court. ..................................... 8

II.     Argument and Authorities ................................................................ 8

    A.    Walton's motion for reconsideration under Rule 54(b) should be denied. ....................................................................................... 8

        1.    Legal Standard for reconsideration under Rule 54(b). ............... 8

        2.    Walton fails to show the D.C. Court abused its discretion in dismissing various allegations for failure to exhaust. .............. 10

    B.    Defendant's second renewed motion to dismiss Walton's discrimination and retaliation claims should be granted. ............... 14

        1.    Walton's retaliation claims should be dismissed. .................... 14

        2.    Walton's discrimination claims should be dismissed. ............... 15

## Table of Authorities

**Cases**

*Arrieta v. Yellow Transp., Inc.*,
2009 WL 129731 (N.D. Tex. Jan. 20, 2009)......................................................... 10

*Austin v. Kroger Tex., L.P.*,
864 F.3d 326 (5th Cir. 2017) ................................................................................... 9

*Bravo v. Kendall*,
No. 5:22-CV-1186-JKP, 2025 WL 965927 (W.D. Tex. Mar. 31, 2025); ........ 16–17

*Brown v. Wichita Cnty., Tex.*,
2011 WL 1562567 (N.D. Tex. Apr. 26, 2011) ......................................................... 9

*Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*,
Civ. A. No. No. 3:12-CV-0548-D, 2014 WL 642738
(N.D. Tex. Feb. 19, 2014) ................................................................................ 9, 14

*Dixon v. Garland*,
No. 4:23-CV-00019-P, 2024 WL 150509 (N.D. Tex. Jan. 12, 2024),
*aff'd*, No. 24-10215, 2024 WL 4948843 (5th Cir. Dec. 3, 2024).................... 16–17

*Eberle v. Gonzales*,
240 F. App'x 622 (5th Cir. 2007).......................................................................... 13

*Fleming v. Methodist Healthcare Sys.*,
No. SA-21-CV-01234, 2024 WL 1055120 (W.D. Tex. Mar. 11, 2024)............... 18

*Green v. Kijakazi*,
No. CV 21-3938, 2024 WL 969703 (W.D. La. Mar. 6, 2024)............................. 17

*Gupta v. East Tex. State Univ.*,
54 F.2d 411 (5th Cir. Unit A Aug. 1981) ...................................................... 8, 11–13

*Harrison v. Brookhaven Sch. Dist.*,
82 F.4th 427 (5th Cir. 2023).......................................................................... 4, 7, 16

*Hernandez v. Rotorcraft Servs. Group*,
Civil Action No. 4:21-cv-00392-O, 2021 U.S. Dist. LEXIS 1642522021
(N.D. Tex. June 22, 2021) ..................................................................................... 12

*Iturralde v. Shaw Grp., Inc.*,
512 F. App'x 430 (5th Cir. 2013).................................................................... 10, 14

*Johnson v. McDonald,*
        623 F. App'x 701 (5th Cir. 2015)........................................................ 17

*Katz v. Wormuth,*
        No. 22-30756, 2023 WL 7001391 (5th Cir. Oct. 24, 2023).................................. 13

*Lemonia v. Westlake Mgmt. Servs.,*
        No. 22-30630, 2023 WL 6878915 (5th Cir. Oct. 18, 2023).................................. 18

*Mead v. Lattimore Materials Co.,*
        No. 3:16-CV-0791-L, 2018 WL 2971128 (N.D. Tex. Mar. 6, 2018) ..................... 9

*Muldrow v. City of St. Louis,*
        601 U.S. 346 (2024) ...................................................................... 7

*S.E.C. v Cuban,*
        No. 3:08-CV-2050-D, 2013 WL 1091233 (N.D. Tex. Mar 15, 2013).................... 9

*Six Dimensions, Inc. v. Perficient,* Inc.,
        969 F.3d 219 (5th Cir. 2020) .......................................................... 9

*Smith v. McDonough,*
        No. SA-22-CV-01383-KJP, 2023 WL 5918322 (W.D. Tex. Sept. 8, 2023) ......... 18

*Sosebee v. Tex. Alcoholic Bev. Comm'n,*
        906 F. Supp. 2d 596 (N.D. Tex. 2012) .................................................. 12

*Stancu v. HRI Lodging/Hilton Garden Inn,*
        No. 3:23-CV-2566-K-BN, 2024 WL 5294663 (N.D. Tex. Nov. 20, 2024),
        report and recommendation adopted, No. 3:23-CV-2566-K, 2025 WL 44272
        (N.D. Tex. Jan. 7, 2025), aff'd, No. 25-10242, 2025 WL 2126626
        (5th Cir. July 29, 2025)............................................................... 18–19

*Watson v. Brennan,*
        No. 23-10131, 2023 WL 6210753 (5th Cir. Sept. 25, 2023),
        *cert. denied sub nom. Watson v. DeJoy,* 145 S. Ct. 398 (2024),
        *reh'g denied,* 145 S. Ct. 1979 (2025) ................................................ 10

## Statutes and Rules

Federal Rule of Civil Procedure 54(b) ................................................ 8

Federal Rule of Civil Procedure 59(e).................................................. 9

Plaintiff Alisa Walton brings claims of discrimination and retaliation against her employer. She initially filed suit in the United States District Court for the District of Columbia (D.C. Court). (Doc. 1.) Defendant filed a dispositive motion, attaching copious exhibits, arguing that Walton failed to exhaust her administrative remedies. The D.C. Court agreed, and determined that most of Walton's allegations were not administratively exhausted. According to the D.C. Court, the only exhausted claims in support of Walton's discrimination and retaliation claims are her 2021 performance rating and her placement on a Performance Improvement Plan (PIP), also in 2021.

The D.C. Court's dismissal of most allegations significantly narrows Walton's discrimination and retaliation claims. Walton filed a second amended complaint (Doc. 55) (reasserting the same events dismissed by the D.C. Court). Defendant filed a second renewed motion to dismiss, which is pending before the Court. (Doc. 58.) Seeking to avoid the D.C. Court's decision, Walton moves for reconsideration of the D.C. Court's opinion, which is also pending before the Court. (Doc. 60.)

Walton seeks reconsideration of the D.C. Court's decision dismissing her unexhausted claims based on an incorrect interpretation of Fifth Circuit law. Walton contends that in this Circuit, she does not need to exhaust her administrative remedies for her retaliation claim. She is wrong. The motion for reconsideration should be denied because Walton has not met her burden to show that the D.C. Court's decision is erroneous, factually or legally.

As for the two exhausted claims (Walton's 2021 performance rating and placement on a PIP), Defendant's renewed motion to dismiss explains why these claims

have no merit.  Her retaliation claim fails because the two exhausted events both occurred *before* she engaged in EEO activity, which means those two events could not have been taken in retaliation for her EEO activity.  Walton actually concedes this is true—which is why she filed a motion for reconsideration to resurrect the dismissed, unexhausted allegations to support her retaliation claim.  Walton has no factual or legal basis to assert a retaliation claim, and Defendant moves the Court to dismiss this claim.

Walton's discrimination claim also fails.  The two exhausted events related to her performance rating and being placed on a PIP do not state a claim of discrimination: neither claim rises above the "de minimis" threshold for harm required in this Circuit.  Her conclusory allegations of alleged discrimination are insufficient to state a claim.  As explained below, Walton's Motion for Reconsideration should be denied, and Defendant's Second Renewed Motion to Dismiss should be granted.

## I.     Background

### A.     Most of Walton's claims are dismissed, and the case is transferred.

After Walton filed suit in the D.C. Court, Defendant moved to dismiss or alternatively, for summary judgment (dispositive or summary-judgment motion) and to transfer venue.  (Doc. 9.)  Walton amended her complaint (Doc. 21), and Defendant renewed its dispositive motion, seeking dismissal of the amended complaint.  (Doc. 21.)  Defendant attached 46 pages of documents and a proposed order to its dispositive motions.  (Doc. 9; Doc. 21.)

Defendant's dispositive motions argued that Walton failed to exhaust her administrative remedies for most of the allegations that she contends were discriminatory

or retaliatory.  (Doc. 9 at ECF 10–14; Doc. 21 at ECF 12–17.)  Specifically, Plaintiff only

exhausted allegations related to (a) her October 2021 performance rating and (b) her

placement on a PIP in November 2021.  (Doc. 9 at ECF 11; Doc. 21 at ECF 17.)  The

EEO accepted other employment actions only in the context of hostile work environment,

and those discrete actions would not flow from the EEO's investigation of her rating and

PIP.  (Doc. 9 at ECF 12, Doc. 21 at ECF 17.)

    Walton responded with a 45-page brief, including 223 pages of attachments.

(Doc. 23.)  Plaintiff argued, in part, that she exhausted all allegations in support of her

discrimination and retaliation claims.  (Doc. 23 at ECF 17-25.)  In a reply, Defendant

again argued that Walton did not exhaust all allegations (Doc. 26 at ECF 5–9), and the

unexhausted allegations are not like or reasonably related to the two exhausted

allegations.  (Doc. 26 at ECF 9–14.)  Defendant also argued that Walton's retaliation and

discrimination claims otherwise failed, even if the allegations had been exhausted.  (Doc.

26 at ECF 14–26.)

    The D.C. Court agreed in part, finding that Walton administratively exhausted

only two discrete acts: (a) her 2021 performance rating and (b) her placement on a PIP in

November 2021.  (Doc. 28 at ECF 8.)  The D.C. Court dismissed additional events that

Walton alleged constituted discrimination or retaliation, including: (i) the denial of a

2021 performance bonus; (ii) removal from a 2022 investigation; (iii) failure to assign

Walton to new investigations; and (iv) an alleged failure to issue a full-year appraisal for

2022.  (Doc. 28 at ECF 8.)  The D.C. Court transferred the case to this Court to

adjudicate the two surviving claims: Walton's discrimination and retaliation claims related to her 2021 performance rating and placement on a PIP. (Doc. 28 at ECF 10).

## B.    Walton files a second amended complaint, disregarding the District of Columbia's dismissal order.

After the case transferred to this district, Defendant renewed its motion to dismiss regarding the two remaining claims, arguing that Walton failed to state a claim for retaliation or discrimination. (Doc. 47.) Her retaliation claim was not cognizable because the alleged retaliatory actions pre-dated any protected activity (Doc. 47 at ECF 11), and the discrimination claim related to (a) her 2021 performance rating and (b) her placement on a PIP did not establish more than *de minimis* harm from the alleged adverse actions. (Doc. 47 at ECF 13-21) (citing *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431 (5th Cir. 2023).) Specifically, performance ratings and being placed on a PIP do not constitute adverse employment actions. (Doc. 47 at ECF 15–21 (citing cases).) Walton responded (Doc. 48) and Defendant replied. (Doc. 51.)

Walton then filed a second amended complaint, the live pleading.[1] (2nd Am Cmplt (Doc. 55).)[2] The second amended complaint reiterates the full panoply of Walton's allegations in support of her discrimination and retaliation, including those

---

[1] The Court granted Walton's motion for leave to amend her complaint and terminated Defendant's Renewed Motion to Dismiss as moot. (Doc. 54.) The Court reasoned that Walton's motion to amend was the first request to amend since the case was transferred to this Court. (Doc. 54 at 1.) The Court granted Walton's motion for leave to amend her complaint before Defendant filed its Motion to Strike Portions of Plaintiff's Second Amended Complaint. (Doc. 56.) The Court entered an electronic order the next day, terminating Defendant's Motion to Strike as moot. (Doc. 59.)

[2] Defendant refers to Walton's Second Amended Complaint and Demand for Jury Trial (Doc. 55) as the "2nd Am Cmplt (Doc. 55) at ____".

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 4**

already dismissed by the D.C. Court. (*Id*. at ECF 26–33 (Counts 1 and 2).) Notably, Plaintiff ignored the D.C. Court's dismissal of her unexhausted claims when she filed her second amended complaint, which includes all the dismissed claims. She filed her second amended complaint prior to seeking reconsideration of the decision to dismiss those claims.

As to the discrimination claim (Count 1), Walton does not limit her allegations to those that she administratively exhausted, specifically, (a) her 2021 *performance rating* and (b) her placement on a *Performance Improvement Plan*. (*Id*. at ECF 26–31.) Instead, she includes the allegations that the D.C. district court previously dismissed, specifically, (i) the denial of a 2021 performance bonus; (ii) removal from a 2022 investigation, (iii) failure to assign Walton to new investigations, and (iv) an alleged failure to issue a full-year appraisal for 2022 to her retaliation and discrimination claims. (*Id*. at ECF 26 (Count I, Discrimination).)

As for the retaliation claim (Count 2), the second amended complaint includes a host of allegations that were already dismissed by the D.C. Court: Walton alleges Defendant retaliated against her by proposing that she be removed, failing to reassign her, removing her from a significant OIG investigation, initiating an investigation against her and failing to issue a full year performance appraisal. (2nd Am Cmplt (Doc. 55) at ECF 31–33.) These allegations were argued in and decided by the D.C. Court. (*see generally*, Docs. 21, 28.) The D.C. Court determined that Walton did not exhaust these allegations—she "only administratively exhausted" allegations related to (a) her 2021 *performance rating* and (b) her placement on a PIP. (Doc. 28 at 8.) Thus, Walton's

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 5**

second amended complaint re-alleges allegations patently dismissed by the D.C. Court.

(*Id*.)

**C.    Defendant files a second renewed motion to dismiss, which is pending before the Court.**

In light of the second amended complaint, Defendant filed a second renewed motion to dismiss, which is pending before the Court.[3]  (2nd Renewed MTD (Doc. 58).) Defendant again argues that Walton's discrimination and retaliation claims fail.

**1.    Walton's discrimination and retaliation claims in the second amended complaint fail.**

**a)  *Walton's retaliation claims fail.***

With regard to Walton's retaliation claim, Defendant again argues that the retaliation claim fails for two reasons.  First, Walton concedes that the two events that she exhausted (as determined by the D.C. Court) occurred *before* she filed an EEO complaint, and thus, no retaliation could have occurred.[4]  (2nd Renewed MTD (Doc. 58) at ECF 12.) Second, Walton's latest Complaint seeks to rely on additional events that were not exhausted and those events do not grow out of her charge of EEO charge alleging retaliation.  (*Id*. at ECF 13–16.)  Instead, the alleged retaliatory conduct Walton alleges are discrete employment actions that Walton was required to exhaust—but did not.  (*Id*. at ECF 13.)  The D.C. Court carefully reviewed the evidence submitted by the parties and

---

[3] Defendant refers to Defendant's Second Renewed Motion to Dismiss (Doc. 58) as "2nd Renewed MTD (Doc. 58) at __."

[4] Walton concedes that she *does not allege* that her 2021 performance evaluation and 2021 PIP constitute retaliation because they pre-date her EEO activity.  (Doc. 48 at 9.)

found that Walton only exhausted the performance rating and being placed on a PIP.  (*Id.* at ECF 14.)

### b)  Walton's discrimination claim fails.

Defendant argues that Walton's discrimination claim also fails.  (2nd Renewed MTD (Doc. 58) at ECF 16–26.)  The only exhausted allegations related to discrimination are Walton's (a) 2021 unacceptable performance rating and (b)  placement on a PIP.  A low performance rating and being placed on a performance improvement plan do not constitute adverse employment actions under applicable Fifth Circuit law.  (*Id.* at ECF 18, 23.)  Walton must show some harm regarding an identifiable term or condition of her employment.  (*Id.* at ECF 16 (citing *Muldrow v. City of St. Louis*, 601 U.S. 346, 354-55 (2024).)  Walton must not only allege an adverse action, but "something more than a *de minimis* harm borne of that action."  (*Id.* at ECF 17 (citing *Harrison*, 82 F.4th at 431).  Walton fails to allege facts that her low performance rating and placement on a PIP establish more than a *de minimis* injury.  (*Id.* at ECF 16–26.) She has not demonstrated any harm impacting the terms or conditions of her employment arising out of either action.

### 2.     Walton responds to Defendant's Second Renewed Motion to Dismiss

Walton filed a response to Defendant's Second Renewed Motion to Dismiss. (Doc. 66.)  With regard to the retaliation claim, Walton concedes that she relies solely on claims dismissed by the D.C. Court to support her claim or retaliation and not the (a) 2021 unacceptable performance rating and (b) placement on a PIP.  (Doc. 66 at ECF 15–16.)  The remainder of her response does not differentiate between the retaliation and

discrimination claims but argues that her exhausted and unexhausted allegations establish

some harm and an adverse employment action.  (Doc. 66 at ECF 16–22.)

**D.     Walton files a motion for reconsideration of the D.C. dismissal decision, which is pending before the Court.**

Faced with Defendant's Second Renewed Motion to Dismiss, Walton now files a

Motion for Reconsideration of the D.C. Court's dismissal of her unexhausted allegations,

which is pending before the Court.  (Mtn Reconsider (Doc. 60).)[5]  Significantly, the D.C.

District court transferred her case on February 18, 2025, and she waited for over _6

months after the D.C. Court's decision to file her motion for reconsideration.

According to Walton, the Fifth Circuit held in *Gupta v. East Tex. State Univ*., 654

F.2d 411, 414 (5th Cir. Unit A Aug. 1981) that her retaliation claim cannot be dismissed

for lack of exhaustion.  (*Id*. at ECF 15.)  She also contends that Defendant is "barred from

disputing that Fifth Circuit precedent must be applied" to resolve whether Walton

exhausted or need not have exhausted her administrative remedies.  (*Id*. at ECF 17.)

Neither claim is accurate.

## II.     Argument and Authorities

## A.  Walton's motion for reconsideration under Rule 54(b) should be denied.

### 1.  Legal Standard for reconsideration under Rule 54(b).

Under Federal Rule of Civil Procedure 54(b), the trial court is free to reconsider

and reverse its decision for any reason it deems sufficient, even in the absence of new

---

[5] Defendant refers to Plaintiff's Motion for Reconsideration (Doc. 60) as "Mtn Reconsider (Doc. 60) at ___."

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 8**

evidence or an intervening change in or clarification of the substantive law."[6]  *Six Dimensions, Inc. v. Perficient*, Inc., 969 F.3d 219, 227 (5th Cir. 2020) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Mead v. Lattimore Materials Co.*, No. 3:16-CV-0791-L, 2018 WL 2971128, at *1 (N.D. Tex. Mar. 6, 2018) (citing *S.E.C. v Cuban*, No. 3:08-CV-2050-D, 2013 WL 1091233, at *2 (N.D. Tex. Mar 15, 2013)).

A court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, Civ. A. No. No. 3:12-CV-0548-D, 2014 WL 642738, at *1 (N.D. Tex. Feb. 19, 2014).  A motion for reconsideration requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'"  *Id*. (citing *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011)).  "Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier."  *Id*. (citing *Reneker v. Offill*, Civ. A. No. 3:08-CV-1394-D, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012)

---

[6] Rule 59(e), which applies to a final judgment not an interlocutory decision, provides a more exacting standard of for reconsideration.  *Six Dimensions, Inc.*, 969 F.3d at 227.  Under Rule 59(e), a plaintiff seeking to amend a final judgment must establish that there has been an intervening change in the controlling law, present newly discovery evidence that was previously unavailable, or correct a manifest error of law or fact.  *Id*. (citing Rule 59(e)).

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 9**

(quoting *Arrieta v. Yellow Transp., Inc*., 2009 WL 129731, at *1 (N.D. Tex. Jan. 20,

2009)).  The standard of review of an interlocutory order, including a motion under Rule

54(b), is whether the district court abused its discretion.  *Iturralde v. Shaw Grp., Inc*., 512

F. App'x 430, 432 (5th Cir. 2013) (citations omitted).

> ## 2.    Walton fails to show the D.C. Court abused its discretion in dismissing various allegations for failure to exhaust.

Walton urges this Court to reconsider the D.C. Court's dismissal based solely on

her contention that she was not required to exhaust her retaliation claim under Fifth

Circuit law.  (Mtn Reconsider (Doc. 60) at ECF 15.)  Walton is wrong.  Given that

Walton's grounds to reconsider the D.C. Court's decision is based on her incorrect

statement of the law, Walton has not shown, as she must, that the D.C. Court abused its

discretion in dismissing unexhausted allegations.

Walton contends that the Fifth Circuit does not require her to exhaust her

retaliation claim.  Her contention is not only inaccurate but statutorily infirm.  Title VII

mandates that discriminatory retaliation claims are administratively exhausted prior to

filing a discriminatory suit.  *Watson v. Brennan*, No. 23-10131, 2023 WL 6210753, at *3

(5th Cir. Sept. 25, 2023), *cert. denied sub nom. Watson v. DeJoy*, 145 S. Ct. 398 (2024),

*reh'g denied*, 145 S. Ct. 1979 (2025).

Here, Walton filed an EEO complaint in November 2021, alleging discrimination,

retaliation, and hostile work environment after she received a poor performance

evaluation in 2021 and subsequently placed on a PIP.  (Doc. 28 at ECF 3.)  Walton later

amended her EEO complaint in May 2022 to add two additional claims to her *hostile*

*work environment allegation* (a notice of proposed removal and a 2022 misconduct investigation). (*Id*. at ECF 4.)[7]

Before this Court, however, Walton now brings alleged retaliation claims (not hostile work environment claims) that are not like or reasonably related to the claims raised before and investigated by EEO. Her second amended Complaint now refers to the notice of proposed removal and misconduct investigation (which were only accepted as part of a hostile work environment claim), as well as other acts never previously identified to or investigated by the EEO such as: the 2021 denial of a performance bonus, her 2022 removal from a "highly significant" OIG investigation, the failure to assign her to new investigations, and the failure to issue her a full year appraisal for Fiscal Year 2022. (2nd Am Cmplt (Doc. 55). None of these claims is a properly exhausted retaliation claim.

In her motion for reconsideration, Walton argues that *Gupta* holds that exhaustion is not required for a retaliation claim. She is incorrect. In *Gupta*, the court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." 654 F.2d at 414. In other words, the "*Gupta*" exception only applies to retaliation

---

[7]In its Final Agency Decision, and in accordance with Walton's framing, the agency investigated the "unacceptable" rating and the Performance Improvement Plan as the only "independently actionable claims framed as disparate treatment." (*Id*.). It evaluated the notice of proposed removal the misconduct investigation "solely as part of a hostile work environment claim." *Id*. Walton did not object to the EEO's framing of her amendment.

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 11**

claims based on allegedly retaliatory events occurring *after* the complainant filed her EEO charge that could have *reasonably been expected to grow* out of that charge.[8] Neither factor is met here.

First, as to the notice of proposed removal and misconduct investigation, these claims were only identified to the EEO as part of a hostile work environment claim and are not like or reasonably related to Walton's discrimination or retaliation claims. Exhaustion of hostile environment claims does not satisfy the exhaustion requirement for discrimination or retaliation claims. *See Hernandez v. Rotorcraft Servs. Group*, Civil Action No. 4:21-cv-00392-O, 2021 U.S. Dist. LEXIS 1642522021, at *6 (N.D. Tex. June 22, 2021) (dismissing hostile work environment claim as unexhausted when plaintiff only exhausted discrimination claims); *Sosebee v. Tex. Alcoholic Bev. Comm'n*, 906 F. Supp. 2d 596, 601 (N.D. Tex. 2012) ("exhaustion of a sex-based discrimination claim does not exhaust a harassment claim."). The D.C. Court did not abuse its discretion in dismissing the notice of proposed removal and misconduct investigation as unexhausted.

Second, with respect to the discrete events that were never raised at all before the EEO (e.g., the 2021 denial of a performance bonus, her 2022 removal from a "highly significant" OIG investigation, and the failure to assign her to new investigations), these claims were also properly dismissed by the D.C. Court. Even if these discrete claims

---

[8] The facts of *Gupta* are inapposite to the facts here. In *Gupta*, the plaintiff filed two EEO complaints alleging retaliation. *Gupta*, 654 F.2d at 413. After plaintiff filed suit, his teaching position was not renewed but he did not reassert this event administratively. *Id*. Although filing an EEO charge *is* a jurisdictional pre-requisite, the Fifth Circuit held that plaintiff Gupta was not required to exhaust the newly raised event that he alleged was retaliatory because the newly raised event grew out of an administrative charge that was properly before the Court. *Id*. at 414 (emphasis added).

could have been reasonably expected to grow out of Walton's EEO complaint (which they could not have been, given the different nature of these discrete events), these events occurred before May 2022, when Walton filed her amendment to her EEO complaint. (*See, e.g.*, 2nd Am Cmplt (Doc. 55 at parag. 66 ).  The *Gupta* exception does not apply to any acts that allegedly occurred before Walton's May 2022 amendment to her EEO claim.  *See Katz v. Wormuth*, No. 22-30756, 2023 WL 7001391, n.7 (5th Cir. Oct. 24, 2023) ("However, because Katz amended his EEO complaint on January 3, 2019 to include allegations concerning this post-December 28 conduct, the *Gupta* exception would not apply"): *Eberle v. Gonzales*, 240 F. App'x 622, 628 (5th Cir. 2007) (per curiam) (holding that the *Gupta* exception does not apply where the alleged retaliatory conduct occurred before the filing of the EEO charge).[9]

Consistent with Fifth Circuit law, *Pacheco*, 448 F.3d at 789, the D.C. Court properly held that exhaustion includes claims that "are like or reasonably related to" or grow out of the allegations in the EEO charge.  (Doc. 28 at 6.).  Applying this standard, the D.C. Court properly dismissed Walton's unexhausted claims relating to the 2021 denial of a performance bonus, her 2022 removal from a "highly significant" OIG investigation, the failure to assign her to new investigations. Walton's arguments to the contrary are unavailing.

---

[9] The "*Gupta*" exception also only explicitly applies to retaliation claims based on retaliatory events occuring after a complainant filed her EEOC Charge.  It does not apply to any unexhausted discrimination claims.  Thus, Walton has not and cannot claim that any of the events at issue – the notice of proposed removal, misconduct investigation, the 2021 denial of a performance bonus, her 2022 removal from a "highly significant" OIG investigation, the failure to assign her to new investigations, and the failure to issue her a full-year appraisal for Fiscal Year 2022 – were exhausted as discrimination claims.  Any alleged claims of discrimination with respect to these events must fail as a matter of law.

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 13**

Walton is not entitled to rehash old arguments or raise new legal theories in a

motion for reconsideration. *See Choice Hotels Int'l, Inc.* 2014 WL 642738, at *1;

*Reneker*, 2012 WL 3599231, at *1 n.1. Walton fails to do what is necessary to challenge

the D.C. Court's decision under Rule 54(b): namely, prove that the D.C. Court abused its

discretion. *See Iturralde*, 512 F. App'x at 432. Her motion to reconsider the D.C.

Court's ruling should be denied.

**B.    Defendant's second renewed motion to dismiss Walton's discrimination and retaliation claims should be granted.**

After Walton filed a second amended complaint (2nd Am Cmplt (Doc. 55),

Defendant filed its second renewed motion to dismiss. (2nd Renewed MTD (Doc. 58).)

Walton responded, arguing that her exhausted and unexhausted allegations establish

some harm and an adverse employment action. (Doc. 66 at ECF 16–22.) Walton's

arguments have no merit.

**1.    Walton's retaliation claims should be dismissed.**

Walton agrees that her retaliation claim is not based on the two claims the D.C.

Court determined she administratively exhausted. Instead, the second amended

complaint re-alleges the same events the D.C. Court already dismissed[10]: Defendant

retaliated against Walton by proposing her removal, failing to reassign her, removing her

from a highly significant OIG investigation, initiating an investigation, and failing to

---

[10] Defendant moved to dismiss these allegations of retaliation for failure to administratively exhaust them. (Doc. 21.) The D.C. Court granted Defendant's motion and dismissed these unexhausted allegations. (Doc. 28 at ECF 8.)

close an investigation.[11]  (2nd Am Cmplt (Doc. 55) at ECF 31-33.)  Regardless what new

allegations Walton makes or what harm she alleges to support a retaliation claim (Doc.

66, at ECF 16-22), new events or re-assertion of previously dismissed events violates the

D.C. Court's order, which limited her retaliation claim to specific events, her 2021 rating

and her PIP.  She has already conceded that those two events – the only events pending

before this Court – are not retaliatory as they occurred before she engaged in any

protected activity.  As set forth herein, any and all other retaliation claims are not

properly before this Court.  Thus, Walton's retaliation claims must be dismissed as a

matter of law.

### 2.    Walton's discrimination claims should be dismissed.

As with her retaliation claim, the second amended complaint re-asserts the same

claims that were dismissed by the D.C. Court[12]:  Defendant gave her an unacceptable

rating, denied her performance bonus for FY 2021, put her on a performance

improvement plan and/or proposed her removal, removed her from highly significant

OIG investigations, failed to reassign her, initiated an investigation against her, and failed

to close an investigation.  (2nd Am Cmplt (Doc. 55) at ECF 26.)  However, she only

exhausted two claims:  her 2021 performance rating and her 2021 placement on a PIP.

---

[11] In the first amended complaint, Walton alleged that Defendant retaliated against her by proposing her removal, failing to reassign her, removing her from highly significant OIG investigations, failing to reassign her, initiating an investigation against her, failing to close an investigation, and failing to issue a full year performance appraisal.  (Doc. 20-1 at ECF 31.)

[12] In the first amended complaint, Walton alleged that Defendant discriminated against her when it gave her an unacceptable rating, denied her performance bonus for FY 2011, put her on a performance improvement plan and/or proposed her removal, removed her from highly significant OIG investigations, failed to reassign her, initiated an investigation against her, and failed to close an investigation.  (Doc. 20-

(Doc. 28 at ECF 8).  Walton is not seeking reconsideration of her dismissed unexhausted

discrimination claims.  See Plaintiff's Motion for Reconsideration at Footnote 3.   Any

and all discrimination claims other than the 2021 performance rating and 2021 placement

on a PIP were not exhausted, were properly dismissed, and are not pending before this

Court.

    With respect to these two remaining claims, Walton fails to state a claim.  Walton

cannot show that being given an unacceptable performance rating or being placed on a

PIP is an actionable employment action that rises to the level of more than *de minimis*

harm.  (Doc. 28 at ECF 8.)

### a.  *There is no allegation that the 2021 performance rating and 2021 placement on a PIP rose above "de minimis" harm*

    First, Title VII does not permit liability for *de minimis* workplace trifles.  *Dixon v.*

*Garland*, No. 4:23-CV-00019-P, 2024 WL 150509, at *4 (N.D. Tex. Jan. 12, 2024), *aff'd*,

No. 24-10215, 2024 WL 4948843 (5th Cir. Dec. 3, 2024).  An employee who alleges

discrimination must show "something more than *de minimis* harm borne of the action."

*See Harrison*, 82 F.4th at 431–32.

    With respect to her 2021 performance rating, even after *Hamilton* and *Harrison*,

district courts have continued to hold that a low performance evaluation is not an adverse

employment action because a performance evaluation dowes not meet the materiality

requirement. *See Bravo v. Kendall*, No. 5:22-CV-1186-JKP, 2025 WL 965927, at *32

(W.D. Tex. Mar. 31, 2025); *Dixon v. Garland*, No. 4:23-cv-00019-P, 2024 WL 150509,

at *5 (N.D. Tex. Jan. 12, 2024); *aff'd*, No. 24-10215, 2024 WL 4948843 (5th Cir. Dec. 3,

2024); *Green v. Kijakazi*, No. CV 21-3938, 2024 WL 969703, at *8 (W.D. La. Mar. 6, 2024).  As the court explained in *Bravo*, 2025 WL 965927, at *32: "Plaintiff has not shown that her performance review brought about any disadvantageous change to any employment term or condition," the court reasoned. "Accordingly, under *Hamilton* and *Muldrow*, the review does not qualify as an adverse employment action." *Id.* (emphasis added).

The same is true here.  Walton merely speculates that, *if* she had received a higher rating, (1) "her supervisor or supervisors would have automatically signed off" on a performance bonus; and (2) her application for another position as a Special Agent would not have been rejected. (Am. Compl. ¶¶ 54, 103.) She identifies no facts to support her speculation. She cites no facts to indicate or identify any EPA policy or procedure that provides that bonuses are automatically tied to performance ratings. Nor does she allege that all other employees who received the rating Walton sought in FY2021 received performance bonuses.  Regarding any position she sought, she admits that the reason her application for a position was rejected was not because of her 2021 performance rating but because she submitted an incomplete application.  (Am. Compl. At para. 54).  As the court held in *Johnson v. McDonald*, 623 F. App'x 701, 704-05 (5th Cir. 2015): "Johnson's complaint is unspecific on what—if any—effect the "low" ratings had. It baldly asserts that the "low" rating resulted in loss of "performance awards" and had a "negative impact on [his] ability to be promoted" . . . *There is no indication that performance pay is automatic upon achieving a specified rating*. Nor does Johnson allege that individuals who were rated "outstanding" in those years received bonuses.

Consequently, Johnson's allegation that he was denied performance pay is speculative at best."

Walton's placement on a PIP also fails to rise above a "de minimis" action. *See Lemonia v. Westlake Mgmt. Servs.,* No. 22-30630, 2023 WL 6878915, at *7 (5th Cir. Oct. 18, 2023) ("[T]he district court did not err to the extent the court concluded that [the plaintiff's] placement on a PIP, without more, did not constitute an adverse employment action."); *Fleming v. Methodist Healthcare Sys.*, No. SA-21-CV-01234, 2024 WL 1055120, at *13 (W.D. Tex. Mar. 11, 2024) ("Even after *Hamilton*, the Fifth Circuit has confirmed that written reprimands, placement on a performance improvement plan ('PIP'), and other corrective or remedial measures do not constitute adverse employment actions unless they 'affect job title, grade, hours, salary, or benefits or cause a diminution in prestige or change in standing among coworkers.'") *Stancu v. HRI Lodging/Hilton Garden Inn*, No. 3:23-CV-2566-K-BN, 2024 WL 5294663, at *6 (N.D. Tex. Nov. 20, 2024), *report and recommendation adopted*, No. 3:23-CV-2566-K, 2025 WL 44272 (N.D. Tex. Jan. 7, 2025), *aff'd*, No. 25-10242, 2025 WL 2126626 (5th Cir. July 29, 2025) (finding that the acts that could qualify as adverse employment actions were not material even after *Hamilton*).[13]

---

[13] Walton argues that being placed on a PIP may constitute an adverse employment action that survive a motion to dismiss, citing an unreported case, *Smith v. McDonough*, No. SA-22-CV-01383-KJP, 2023 WL 5918322 (W.D. Tex. Sept. 8, 2023). (Doc. 66 at ECF 18–19.) The *Smith* court summarily noted (without any analysis of the "de minimis" harm standard) that various actions, including scrutiny, a written counseling, being placed on a PIP, and having a telecommuting agreement revoked could potentially support an adverse action. (*Id*. at *6.) However, the *Smith* court did not consider whether plaintiff alleged something more than *de minimis* harm by being placed on a PIP. *Cf. Lemonia* at *7 ("placement on a PIP, without more, did not constitute an adverse employment action"); *Fleming*, at *13 ("Even after *Hamilton*,

Here, Walton does not allege that placement on a performance improvement plan in 2021 negatively affected her job title, hours, grade, salary, or benefits.  None of those aspects of her employment was affected by her placement on a PIP.  To the contrary, she acknowledges that the PIP was designed to help her improve her performance. (Am. Compl. ¶ 55.)

Plaintiff's two pending discrimination claims – her 2021 performance rating and 2021 placement on a PIP – do not state a viable claim for discrimination.  Plaintiff has pled her best case and her discrimination claims should be dismissed for failure to state a claim. See *Stancu*, 2024 WL 5294663, at *8 finding that granting leave to amend is not required if Plaintiff has already pleaded her best cas after being apprised of the insufficiency of her complaint).

## Conclusion

For these reasons, the Court should deny Walton's motion for reconsideration and grant Defendant's motion to dismiss all claims against it.

---

the Fifth Circuit has confirmed that written reprimands, placement on a performance improvement plan ('PIP'), and other corrective or remedial measures do not constitute adverse employment actions unless they 'affect job title, grade, hours, salary, or benefits or cause a diminution in prestige or change in standing among coworkers.'").

**Amended Response to Plaintiff's Motion for Reconsideration and Reply to Defendant's Second Renewed Motion to Dismiss – Page 19**

Dated: December 10, 2025                    Respectfully submitted,

                                            RYAN RAYBOULD
                                            UNITED STATES ATTORNEY

                                            /s/ Mary M. (Marti) Cherry
                                            Mary M. (Marti) Cherry
                                            Assistant United States Attorney
                                            Texas Bar No. 24055299
                                            1100 Commerce Street, Third Floor
                                            Dallas, TX  75242
                                            Telephone:  214-659-8600
                                            Facsimile:  214-659-8807
                                            E-mail:  mary.cherry@usdoj.gov

                                            *Attorneys for Defendant*

<u>Certificate of Service</u>

I hereby certify that on this 10th day of December 2025, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, and I served all parties electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2).

                                            /s/ Mary M. (Marti) Cherry
                                            Mary M. (Marti) Cherry
                                            Assistant United States Attorney