IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| ALISA WALTON,<br><br>Plaintiff,<br><br>v.<br><br>LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>Defendant. | Civil Action No. 3:25-cv-00535-S |

**DEFENDANT'S MOTION TO QUASH, STAY, AND MODIFY SCHEDULE**

Defendant Lee Zeldin moves to quash Plaintiff's discovery requests, stay unexpired deadlines, and modify the scheduling order. In this employment dispute, the parties dispute whether Plaintiff Alisa Walton administratively exhausted various allegations. The United States District Court for the District of Columbia (D.C. Court) previously found that Plaintiff did not exhaust the vast majority of the allegations she asserts, but she re-asserts the same allegations in her second amended complaint, the live pleading. Currently pending before the Court are Plaintiff's motion for reconsideration of the D.C. Court's dismissal of her unexhausted allegations, and Defendant's second renewed motion to dismiss.

Given the deadline for the close of discovery in this Court's current scheduling order, Plaintiff recently served discovery and seeks to depose witnesses. That discovery includes requests that address claims that a court has already determined should be

dismissed for failure to exhaust.[1] However, if the Court dismisses her claims, any discovery would be unnecessary. Even if the Court denies the pending motion to dismiss in part, the Court's rulings may help the parties understand what allegations are at issue, thus narrowing the scope of discovery. Therefore, Defendant moves to stay unexpired deadlines pending a ruling on these motions. And given these issues and the procedural posture of the case, Defendant moves to quash Plaintiff's discovery requests, stay unexpired deadlines, and modify the schedule as further explained below.

## Background

Plaintiff filed suit in the D.C. Court alleging discrimination and retaliation (Doc. 1), and Defendant moved to dismiss or alternatively, for summary judgment (dispositive motion) and to transfer venue. (Doc. 9.) Plaintiff then amended her complaint (Doc. 20), and Defendant renewed its dispositive motion, seeking dismissal of the amended complaint. (Doc. 21.) Defendant attached 46 pages of documents to its dispositive motions in the D.C. Court. (Doc. 9; Doc. 21.) Plaintiff responded, attaching 223 pages of documents. (Doc. 23.)

The D.C. Court carefully examined the dispositive motion and the evidence on file. It determined that Plaintiff exhausted only two claims arising in 2021: her performance rating and her placement on a Performance Improvement Plan (PIP). (Doc. 28.) Because exhaustion is a prerequisite to federal court review of her employment discrimination claims, the remaining unexhausted claims in the complaint were

[1] *See infra*, n. 2.

dismissed. The case, with only the exhausted claims remaining, was transferred to the United States District Court for the Northern District of Texas on March 3, 2025. (Doc. 29).

This Court entered a scheduling order on May 9, 2025. (Doc. 43.) Pursuant to that order, discovery closes February 16, 2026; dispositive motions are due March 2, 2026; and trial is set on a three week docket beginning July 20, 2026. (Doc. 43.) The parties are scheduled to mediate this dispute on February 23, 2026.

Seeking to not prolong this litigation, Defendant did not wait until the dispositive motion deadline in 2026 to seek dismissal. Instead, Defendant filed a renewed motion to dismiss Plaintiff's first amended complaint on July 16, 2025. (Docs. 47.) Plaintiff filed a second amended complaint on October 21, 2025 (Doc. 55), and Defendant filed a second renewed motion to dismiss on November 4, 2025. (Doc. 58.) Plaintiff also moved to reconsider the D.C. Court's dismissal of her unexhausted allegations. (Doc. 60.) The Court granted Defendant's second motion for leave to file a combined response to Plaintiff's motion for reconsideration and reply to its second renewed motion to dismiss, as amended. (Docs. 72–73.)

With the discovery deadline approaching in February 2026, Plaintiff served broad discovery requests[2] on December 4, 2025, including requests for production, requests for

[2] Plaintiff's discovery requests seek information, documents, and admissions regarding claims that have been dismissed by the D.C. Court, including the proposed removal (interrogatories 7-8), performance bonus (request for productions 21-23, admissions 12-21), hostile work environment, which is not at issue in this case (request for production 41), her 2022 appraisal (interrogatory 5, request for production 4, 14-18, 34-38). *See* Doc. 28 at ECF 26 (dismissing discrimination and retaliation claims related to (i) the

admissions and interrogatories.[3] (Exhibit 1.) Plaintiff also advised Defendant that she seeks to schedule depositions in this case. In response, Defendant recommended that the parties seek to amend the scheduling order such that discovery, if any, would take place following this Court's rulings on the dispositive motions. Since March 2025, three AUSAs have been assigned to litigate the case due to attrition at the United States Attorney's Office. The first AUSA litigated the case for three months, from March 4, 2025 to June 10, 2025. (Docs. 32, 46.) The second AUSA litigated the case for five months, from June 10, 2025 to November 24, 2025. (Docs. 46, 62.) The undersigned counsel of record began litigating the case on November 24, 2025.[4] (Doc. 46.) There has also been significant attrition at Defendant EPA. Resources within the federal government are strained, and engaging in discovery on claims that might very well be dismissed is not a reasonable use of those limited resources. Plaintiff disagrees.

## Argument

Defendant moves to quash Plaintiff's discovery requests, stay unexpired deadlines, and modify the schedule for good cause. There is a pending dispositive motion which may resolve the case in its entirety and render discovery wholly unnecessary. If the Court denies Defendant's motion to dismiss, the parties need a ruling regarding

---

denial of a 2021 performance bonus; (ii) removal from a 2022 investigation, (iii) failure to assign Plaintiff to new investigations, and (iv) an alleged failure to issue a full-year appraisal for 2022).

[3] Defendant's responses to Plaintiff's discovery requests would be due on Monday, January 4, 2026, but Defendant moves to quash the pending discovery requests and for protection from the burdens of discovery, as explained in this motion.

[4] The former AUSAs left the office and thus, the case was reassigned.

Plaintiff's motion for reconsideration so that they can focus discovery on the allegations that actually form the basis of Plaintiff's discrimination and retaliation claims. The parties need additional time to engage in discovery after the Court resolves the disputed issues in the case. Extending the discovery deadline in turn impacts the remaining deadlines. As further explained below, Defendant moves to quash Plaintiff's discovery requests, stay unexpired deadlines pending resolution of the pending motions, and modify the schedule.

**A. Defendant's has good cause for its motion to quash discovery.**

"A district court has 'broad discretion and inherent power to stay discovery' for good cause 'until preliminary questions that may dispose of the case are determined.'" *Primesource Bldg. Prods. v. Lee Grp. Int'l, Inc.*, No. 3:19-cv-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020) (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)). In particular, a court may stay discovery when a pending motion to dismiss could preclude the need for discovery altogether. *See Von Drake v. Nat'l Broadcasting Co., Inc.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

Courts routinely stay discovery where there is a pending dispositive motion. *See Dent v. McDonough*, 3:22-cv-2601-K (N.D. Tex. Nov. 13, 2023) (Kinkeade, J.) (granting the government's motion to quash discovery and mediation and stay all discovery pending a ruling on a dispositive motion); *Parsons v. Liberty Ins. Corp.*, No. 3:20-cv-1682-K, 2021 WL 11718301, at *1 (N.D. Tex. June 14, 2021) (Horan, J.) (explaining that it would be wasteful to allow discovery on all issues raised in a broad complaint when the

case may not reach a determination on those merits); *Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-cv-3190-E, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021) (Brown, J.) (staying discovery where discovery was not needed for purposes of the pending motion to dismiss); *Primesource Bldg. Prods.,* 2020 WL 6140462, at *1 (Starr, J.) (staying discovery where the arguments supporting the motion to dismiss were not frivolous, merited serious consideration, and if granted, would dispose of the case); *Starrett v. Lockheed Martin Corp*., No. 3:17-cv-988-D-BT, 2018 WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018) (Rutherford, J.) (staying discovery until after a ruling on pending motions to dismiss); *Leblanc v. C.R. England, Inc*., 2013 WL 12354441, at *2 (N.D. Tex. May 20, 2013) (Boyle, J.) (finding good cause to stay discovery where a pending motion may preclude the need for discovery altogether saving time and expense).

Moreover, a governmental defendant should be protected from the burden of discovery in cases where the government is immune from suit. *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) (explaining that where there is a potential "immunity-derived bar to suit," the defendant should be shielded from the burdens of *defending the suit, including discovery*); *see also Dougherty v. United States Dep't of Homeland Sec*., No. 22-40665, 2023 WL 6123106, at *7 (5th Cir. Sept. 19, 2023) (affirming district court's decision to grant defendant's motion to quash third-party subpoenas and stay discovery pending resolution of defendant's motion to dismiss related to exhaustion, timeliness, and failure to state a claim).

Defendant filed multiple dispositive motions because Plaintiff failed to exhaust her administrative remedies. (Docs. 9, 21, 47, 55.) The D.C. Court determined the Plaintiff's

allegations are untimely. (Doc. 28.) Plaintiff's motion to reconsider that ruling is based upon her inaccurate contention that she is not required to exhaust administrative remedies for her retaliation claim. (Doc. 67-1.) Denying Plaintiff's motion for reconsideration will dispose of the retaliation claim in its entirety. And the discrimination claim should be dismissed because the two exhausted claims do not rise to the level of *de minimis* harm. (Doc. 73, at ECF 19–23.)

Furthermore, Plaintiff does not allege that she needs discovery to resolve the pending dispositive motion under Rule 56(d). Instead, she filed copious documents in response to defendant's numerous dispositive motions. (Doc. 15 (211 pages); Doc. 17 (9 pages); Doc. 23 (223 pages); Doc. 49 (138 pages); Doc. 61 (245 pages). Defendant's dispositive motion is fully briefed and no discovery is needed to resolve it. Plaintiff appears to be keenly aware of the strength of Defendant's dispositive motion, filing a second-amended complaint (Doc. 55) and a motion for reconsideration. (Doc. 60.)

It would be waste of time and resources to allow Plaintiff to engage in any discovery at all when the dispositive motion is fully briefed, and the case may not reach a determination on the merits. *See Parsons,* 2021 WL 11718301, at *1. And because the dispositive motion raises the issue of exhaustion of administrative remedies, the government should be protected from the burdens of discovery pending a ruling on that motion. *See Freeman*, 556 F.3d at 342 (explaining that where there is a potential "immunity-derived bar to suit," the defendant should be shielded from the burdens of *defending the suit, including discovery*); *see also Dougherty*, 2023 WL 6123106, at *7 (affirming district court's decision to grant defendant's motion to quash third-party

subpoenas and stay discovery pending resolution of defendant's motion to dismiss related to exhaustion, timeliness, and failure to state a claim). Defendant moves to quash Plaintiff's discovery requests, including depositions, pending a ruling on the parties' motions.

**B. Defendant has good cause to request a stay of unexpired deadlines and a modified schedule.**

Defendant further requests to stay unexpired deadlines and modify the schedule. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard requires the movant "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Court assesses four factors in determining whether the movant has shown good cause under Rule 16(b)(4): (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 5165344, at *3 (N.D. Tex. Sept. 3, 2015) (quoting *S&W Enters*., 315 F.3d at 536). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Id*. (quoting *EEOC v. Serv. Temps., Inc*., 2009 WL 3294863, at *3 (N.D. Tex. Oct 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).

Defendant has good cause to seek a stay and to modify the schedule. Defendant seeks to stay the unexpired deadlines because there are two pending motions: a dispositive motion and a motion to reconsider the D.C. Court's ruling. Resolution of both motions is necessary for the parties to understand the contours of the issues in this case for the purpose of discovery, mediation, and further dispositive motions if the Court denies the pending motion to dismiss or grants Plaintiff's motion for reconsideration and reverses the D.C. Court's findings.

A stay and modification of the schedule are extremely important to Defendant. The current schedule does not provide sufficient time for defense counsel to prepare a defense. Numerous staff have departed the office since March 2025, and the AUSAs that remain are handling a significantly larger case load. While the cases can be absorbed with sufficient time, near-term deadlines make it nearly impossible for defense counsel to adequately prepare the case for trial.[5] Consequently, Defendant is prejudiced by the current schedule, but that prejudice can be cured with a modified schedule.

The parties have vigorously litigated this dispute since it began, filing numerous pleadings and motions. However, the parties are unlikely to reach a resolution regarding the merits of Plaintiff's claims because the Court may find that Plaintiff did not exhaust

---

[5] For example, two attorneys assigned to *Pearl et al. v. United States*, 6:24-cv-18-H (N.D. Tex.–San Angelo) left the office. That motor vehicle accident case, involving six experts for each side, is scheduled for trial in San Angelo, Texas on a three-week docket beginning February 9, 2026. As counsel in *Pearl*, the undersigned is unable to reasonably prepare a defense for this case in the time provided in the current scheduling order, including but not limited to the February deadlines for discovery and mediation. *See Puig*, 514 F. App'x at 487-88 (explaining that "good cause" is met where the movant shows the deadlines cannot reasonably be met despite the diligence of the party needing the extension).

her administrative remedies and fails to state a claim with regard to the allegations she did exhaust. Engaging in discovery under these circumstances would likely be an unproductive use of time and resources for both parties.

A stay and modification of the schedule is not prejudicial to Plaintiff. The case will either be dismissed or the Court will define the relevant issues when ruling on the pending motions. These rulings will allow both parties to engage in discovery regarding the allegations that are at issue in the case. Modifying the schedule will allow both parties sufficient time to engage in discovery and prepare their claims and defenses.

**Conclusion**

For these reasons, Defendant moves to quash Plaintiff's discovery requests, to stay unexpired deadlines, and to modify the schedule.

Dated: December 11, 2025

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney
Texas Bar No. 24055299
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: 214-659-8600
Facsimile: 214-659-8807
E-mail: mary.cherry@usdoj.gov
*Attorneys for Defendant*

Certificate of Conference

I conferred with counsel for Plaintiff regarding this motion on December 9, 2025. Plaintiff is opposed to the requested relief.

s/ *Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney

Certificate of Service

I hereby certify that on this 11th day of December 2025, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, and I served all parties electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney