UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALISA WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-CV-00535-S |
| ) | |
| LEE ZELDIN, ) | |
|   Administrator, U.S. Environmental ) | |
|   Protection Agency, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
TO QUASH, STAY, AND MODIFY SCHEDULE**

**STATEMENT OF THE CASE**

The original *Walton* case[1] was transferred to this Court over nine months ago on March 3, 3, 2025. ECF #29. Two months later, on May 9, 2025, this Court entered its Scheduling Order governing the case the case going forward. ECF #43. Consistent with this Court's practice, the Court's Scheduling Order specifically stated that "absent a showing of *extraordinary* good cause," the cut-off dates for discovery of February 16, 2026; for dispositive motions of March 2, 2026; for the pretrial conference on June 23, 2026; and for the commencement of the three-week trial period on July 20, 2026. ECF #43 at 1-2 (emphasis supplied).

Defendant never raised the issue of a stay pending an anticipated motion to dismiss during the meet-and-confer period leading up to the Court's Scheduling Order, and the Order was entered without any such provision. ECF #43. Likewise, in filing its Renewed Motion to Dismiss two

---

[1] When the original *Walton* case was in the U.S. District Court for the District of Columbia, it was denominated *Walton v. Regan,* Civ. Action No. 23-2213 (D.D.C.) (DLF).

months later, defendant made no mention of, much less moved for, a departure from the agreed-upon Scheduling Order. ECF #47. Nor did defendant's Second Renewed Motion to Dismiss, which was filed on November 24, 2025. ECF #58. Neither did its combined amended Reply and Response to Plaintiff's Motion to Reconsider, which were filed in one combined submission on December 8, 2025. ECF #67-1.

According to defendant, it was startled because plaintiff propounded written and electronic discovery on December 4, 2025, *before* defendant filed its combined submission on reply. App. 0010-0032. That discovery includes only 11 interrogatories, less than half the number permitted by Rule 33(a)(1), FRCP, App. 0016-0017; a series of Requests for Production of Documents that for the most part pertain directly to plaintiff's interrogatories, App. 0017-0024; tailored eDiscovery that only required review of emails of 7 individuals including plaintiff, App. 0031-0032; and a series of Requests for Admissions that can be answered by reviewing the Affidavit of Thomas Roelke, the official who dismissed the proposal to remove plaintiff because she improperly placed under a Performance Improvement Plan ("PIP") and denied the opportunity to demonstrate performance at or above the Acceptable level during the PIP, App. 0002-0009 (in particular App. at 0005-0006. *See* Pl. Resp. Def. 2nd Renewed Motion to Dismiss, ECF #66 at 11-13.[2]

Neither this chronology nor the foundation of plaintiff's Response to Defendant's Second Motion to Dismiss appears in defendant's Motion to Quash, Stay, and Modify Schedule. ECF #74. Nor does defendant's Motion make any effort to satisfy the demanding "extraordinary good cause"

---

[2] Plaintiff's Response demonstrated, among other matters, that plaintiff's claims pertaining to the PIP and its outcome are actionable under *Smith v. McDonough*, 2023 WL 5918322*4 (W.D. Tex. Sept. 8, 2023), a decision cited with approval in *Smith v. Kendall,* 2024 WL 4442040*6 (5th Cir. Oct. 8, 2024). ECF #66 at 8, 18-20, 23.

standard of the Court's Scheduling Order. ECF #43 at 2. Rather, defendant's Motion rests on three arguments. All are untenable.

Defendant's first argument is that a stay is desperately needed because this case was recently transferred to a third Assistant US Attorney. ECF #74 at 4. That argument does not hold water. The Environmental Protection Agency, the client-agency, is going to be responsible for answering discovery. Further, as plaintiff's counsel can attest to from experience, reassignments and even repeated reassignments of civil cases within a U.S. Attorney's Office, albeit in another jurisdiction, are quite common.[3]

Defendant's next argument is that if Plaintiff wants to undertake discovery, she is required to file Affidavits attesting to her need and follow the process specified in Rule 56(d), FRCP. ECF #74 at 7). That Rule governs the process when a plaintiff wants a stay of discovery after a defendant has moved for summary judgment, which is plainly not the case here.

Defendant also argues Plaintiff's discovery presumes that the Court will grant Plaintiff's Motion to Reconsider. ECF #74 at 7 That too is incorrect. The relevance of plaintiff's discovery requests does not turn upon the Court's adjudication of that Motion. On two separate occasions, the Supreme Court has specifically held that claims that were not exhausted administratively constitute relevant evidence of claims that were the subjects of timely administrative complaints. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (unexhausted claims of discrimination constitute "relevant background evidence in a proceeding in which the status of a current practice is at issue"); *accord National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101,

---

[3] For the better part of nine years, plaintiff's lead counsel was an Assistant US Attorney in the Civil Division of the Office of the United States Attorney for the District of Columbia. Based on his experience, counsel has made the statements above regarding who will be answering discovery and the frequency of reassignment of civil cases.

113 (2002) ("Nor does [Title VII] bar an employee from using the prior acts as background evidence in support of a timely claim."). On that score, the sole issue before the Court is whether at this late stage, all discovery on which summary judgment and trial will surely depend should be delayed.

Much of the remainder of Defendant's Motion is essentially a series of pot shots at Plaintiff's Motion for Reconsideration. ECF #74 at 2, 7. Leaving aside the fact that defendant already filed its Response to that Motion, ECF #73, and plaintiff has yet to file her Reply, the fundamental principle underlying Plaintiff's Motion to Reconsider cannot be denied. Under well-founded Fifth Circuit precedent, plaintiff's claims of retaliation are actionable and would be actionable even if they were not administratively exhausted, which they were. ECF # 60 at 11, 14-16 (citing, among other authorities, *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), *Sanchez v. Standard Brands, Inc.*, 431 F.2nd 455, 464-65 (5th Cir. 1970), *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1280-81 (5th Cir. 1994). As will be demonstrated further when Plaintiff files her Reply next week, nothing in Defendant's Response to that Motion disproves this undeniable, basic principle of exhaustion as it applies now that this case is in the Fifth Circuit.

Defendant also raises an argument that was dispositively rejected years ago. Title VII of the Civil Rights Act specifically waived the government's sovereign immunity to suits by federal employees sounding in discrimination and retaliation. *E.g.*, *Chandler v. Roudebush*, 425 U.S. 840, 845-46 (1976) ("[F]ederal-sector employees are entitled by § 717(c)" of the Civil Rights Act, " 42 U.S.C. § 2000e-16(c), "to file a civil action as provided in" 42 U.S.C. § 2000e-5.). Defendant's contention that it "should be protected from the burden of discovery where the government is immune from suit" is plainly inapplicable. ECF #75 at 6. In all respects, Defendant's Motion is meritless.

## ARGUMENT

Defendant's Motion rests on an untenable premise: namely, that because neither of the first two Assistant United States Attorney assigned to this case prepared a closeout memo for one another or for their eventual successor or let one another know that discovery needed to be initiated, the Court should vacate its long-standing Scheduling Order without first determining the relative strengths of Plaintiff's Motion to Reconsider and Defendant's Second Renewed Motion to Dismiss. That is decidedly not a correct view of the law. *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024). The holding of *X Corp.* is underscored here by the admonition in the Court's Scheduling Order that the upcoming deadlines were not to be taken lightly.

### DEFENDANT FAILS TO MEET THE STRINGENT STANDARDS FOR A STAY

Defendant's motion seeks a stay of discovery pursuant to Fed. R. Civ. P. 26(c)(1), and modification of the Court's scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). Each rule requires the movant to show good cause, and case law clarifies what a party must show to demonstrate good cause under each rule. Defendant's motion fails to come close to the required showing on either rule. Indeed, even the initial deadline Defendant seeks to stay, the discovery cut-off, is over two months away; and the trial is seven months off.

The parties agreed to pretrial and pretrial dates a year in advance to avoid the very problem Defendant now claims is so unexpected and dire. Furthermore, as this Court explained to the parties at the May 8, 2025 hearing in this case and as codified in the Court's Scheduling Order, a showing of extraordinary good cause would be is required to justify a continuance of the trial or the motions deadline set by the Court. Defendant's Motion asks the Court to stay all upcoming

deadlines globally, including not only responding to but propounding discovery, and modify the scheduling order without even mentioning this higher standard. That Motion should be denied.

    A.    **Defendant has not shown good cause to stay discovery.**

Federal district courts may stay discovery for good cause, Fed. R. Civ. P. 26(c)(1). 12(b)(6, but stays while motions to dismiss are pending are "viewed with disfavor" and "rarely granted." *Heston v. Austin Indep. Sch. Dist.*, No. 1:21-CV-35-RP, 2024 WL 3748051, at *1 (W.D. Tex. July 1, 2024) (citations omitted). For this reason, while district courts have the power to stay discovery due to a pending 12(b)(6) motion to dismiss, "'in practice such stays are very rare, and almost never wise.'" *Id.*, quoting *Yeti Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016).

Defendant incorrectly argues that that stays of discovery are routine when a dispositive motion is pending, but defendant is wrong. In fact, the opposite is true: "Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion." *X Corp.,* 2024 WL 1895255, at *1) (citing, among other authorities, *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017), *Ashford Inc. v. United Here.*, WL 11121019, at *2 (N.D. Tex. May 12, 2015); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008));  s*ee also Bella Forest Publ'g, LLC v. Murphy*, 2025 WL 3200749, at *1 (E.D. Tex. Oct. 5, 2025) (denying discovery stay despite pending motion to dismiss because discovery would not be futile and delay would prejudice plaintiff). This Cout rejected a blanket stay of discovery where movant showed no specific burden or efficiency gains. *Clewett v. TXU Energy Retail Co., LLC*, 2022 WL 20747355, at *2 **(**N.D. Tex. May 9, 2022) (Scholer, J.).

The party seeking the stay has the burden of proving the existence of good cause. *X Corp.,* 2024 WL 1895255, at *1. Courts apply three factors when determining if the movant has proved

good cause: "'(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay.'" *Id.*, quoting *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). The party seeking a stay must rely on facts, not "stereotyped and conclusory statements." *Heston,* 2024 WL 3748051, at *1, quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Regarding the first factor, Defendant relies solely on the conclusory assertion that "Plaintiff served broad discovery requests." ECF #74 at 3. This Response (at 2) demonstrated that Plaintiff's written discovery is well-tailored and that the eSearches plaintiff has propounded can easily be run by the agency's IT department. Even without regard to the eventual success of Plaintiff's Motion to Reconsider, Plaintiff's written and electronic discovery seeks discoverable information and documents. *E.g.*, *Morgan,* 536 U.S. at 113;. *Evans*, 431 U.S. at 558. Further, Plaintiff's counsel will make themselves available to speak with defendant's counsel and IT personnel to minimize the time needed to respond. There is no reason to believe that defendant will be burdened very much to respond to Plaintiff's written or eDiscovery or to participate in what is anticipated to be a small number of depositions.

On the second factor, Defendant has offered no facts and no specifics concerning the cost or burden of responding to discovery in this case. Defendant's motion therefore fails to show that this factor weighs in favor of granting a stay.

Even if it was a factor, the strength of Plaintiff's Motion for Reconsideration and Defendant's Second Renewed Motion to Dismiss would be highly relevant in assessing whether Defendant's arguments for dismissal are "substantial" enough to justify the extraordinary measure of staying all discovery. *X Corp.* 2024 WL 1895255, at *2, quoting *Von Drake*, 2004 WL 1144142 at *2. In *X Corp.*, the district court considered the motion to dismiss and plaintiff's response to the

motion, and concluded there were indeed substantial issues warranting careful review, but this was insufficient to justify a stay. The strength of the parties' cross-motions has not been mentioned in Defendant's Motion and its underlying assumption that this case is ripe for dismissal purely on legal grounds without regard to the strength of Plaintiff's Motion to Reconsider has simply not been addressed.

> **B.    Defendant has not shown good cause to modify the Court's Scheduling Order.**

Defendant is moving the Court to "modify" stay all "unexpired deadlines," *i.e.* all future deadlines except for the Court's adjudication of Plaintiff's Motion to Reconsider [ECF #60] and Defendant's Second Renewed Motion to Dismiss [ECF #58]. ECF #74-2 at 2. At a minimum, and without mentioning the long-scheduled mediation, in addition to staying discovery, the modification sought by Defendant seems to include staying summary judgment, the pretrial conference, and the trial. Defendant's Moton does not even mention the extraordinary good cause standard, and for this reason alone the motion should be denied. But even under the less stringent good cause standard, Defendant's motion falls short.

Defendant's argument begins by acknowledging that it cannot meet the good cause standard without showing the remaining deadlines cannot possibly be met, ECF #74 at 8, but Defendant then fails to make this required showing. Without supporting facts or specifics, Defendant simply claims there is not sufficient time to prepare a defense, and it would be "nearly impossible" (not impossible) for defense counsel to be ready for trial. *Id*. at 9.

Defendant also fails to establish any of the four factors that comprise the good cause analysis. First, Defendant's explanation for needing modification of the scheduling order is that there are two pending motions. This is not a novel situation. In many (if not most) cases, motions are filed and the litigation continues. The parties can and should proceed with discovery based on

the current posture of the case, and then adapt going forward. What should not happen, however, is grinding this case to a halt due to Defendant's complaint that the client-agency will have to respond to basic discovery requests.

On the second factor, the importance of the requested relief, Defendant relies entirely on the conclusory assertion that it cannot possibly meet existing deadlines. The irony of this assertion is apparently wasted on Defendant. The notion that plaintiff's case should be put on hold just because its defense of this case was handed from one AUSA and then to another well in advance of upcoming deadlines would likely fall on deaf ears in the context of a transfer within a private firm. Such a justification for modification of the Scheduling Order does not constitute good cause.

In this same vein, Defendant asserts that "numerous staff have departed" without offering any supporting facts. The motion even fails to provide facts explaining why it will be unable to meet the discovery cut-off, which is two months away; much less prepare for trial which is seven months away, or show that it has exercised due diligence during the pendency of this case to be ready to meet these deadlines and the others it seeks to vacate. Unlike its counterparts elsewhere the country, and at least as far as its defense of civil cases was concerned, the U.S. Attorney's Office for the Northern District of Texas was not affected by the recent government shutdown. On this second factor, Defendant's motion fails to show good cause.

Regarding the potential prejudice of a stay, this factor concerns the potential prejudice to the party opposing modification of the scheduling order, not the potential prejudice to the party asking for it. *See, e.g. Charalambopoulos v. Grammer*, 2015 WL 5165344, at *3-4 (N.D. Tex. Sept. 3, 2015) (assessing the potential prejudice to the defendant). Defendant's assertion that it "is prejudiced by the current schedule" (ECF #74 at 9) is therefore irrelevant.

Defendant's Motion does not even take into account prejudice to Plaintiff, offers no specifics and no analysis, and just blithely asserts that there is none. ECF #74 at 10. This is not credible, because a modification will disrupt continuity and affect the resolution of the case and inevitably drive up Plaintiff's expenses of litigation. Both are legitimate considerations when assessing whether the amendment of a scheduling order would have a prejudicial effect. *See, e.g., Nickel Bridge Cap., LLC v. Hendrickson*, No. 4:23-cv-1047, 2025 WL 3496215, at *3 (S.D. Tex. Dec. 1, 2025) ("In determining … prejudicial effect, courts can consider whether the modification would set back the non-movant's "preparation and increase[ ] the expense of the litigation." quoting *Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024)).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that Defendant's Motion to Quash, Stay, and Modify Schedule must be denied.

Respectfully submitted,

*//s//* Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
rcs@sba-pc.com

*//s/* /Donald E. Uloth
Donald E. Uloth, Esq.
 Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
(214) 989-4396
don.uloth@uloth.pro
Counsel for Plaintiff