UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALISA WALTON, | ) |
|   Plaintiff, | ) |
|     v. | ) Case No. 3:25-CV-00535-S |
| LEE ZELDIN,<br>  Administrator, U.S. Environmental<br>  Protection Agency, | ) |
|   Defendant. | ) |

# REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

## PRELIMINARY STATEMENT

The Brief in Support of Plaintiff's Motion for Reconsideration demonstrated, among other matters, that Defendant was judicially estopped from disputing that this is "the sole judicial district with any connection to" plaintiff's claims and that Fifth Circuit precedent governs this case. ECF #60 at 17-18 (citing, among other authorities, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Reed v. City of Arlington,* 650 F.3rd 571, 573-74 (5th Cir. 2011) (*en banc*)) (internal citations omitted). This issue has been conceded (or alternately abandoned or forfeited) as result of defendant's failure to respond [ECF #67-1 at 12-18]. *E.g.*, *Kellam v. Servs*., 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom*. *Kellam v. Metrocare Servs*., 560 F. App'x 360 (5th Cir. (2014) *United States v. Reagan,* 596 F.3d 251, 254 (5th Cir. 2020) ("failure to brief [an argument] constitutes waiver")).[1]

---

[1]     When defendant argued in the original *Walton* case that "the sole" jurisdiction "with any connection to" plaintiff's claims "is the Northern District of Texas, it was including plaintiff's claims of retaliation. ECF #21 at 33. As it argued, "the "acts and omissions at issue occurred at Plaintiff's workplace" in Dallas, as did her "injuries." *Id*. at 29, 37.

Similarly, defendant did not deny that plaintiff's claims of retaliation were accepted as amendments to her original administrative claims and thoroughly investigated during the investigation of her administrative complaint. *Compare*, ECF #60 at 9-11 *with* ECF 67-1 at 14-18. Defendant was wise to do so. The record is undeniable in these respects. Appendix ECF #61 at 3-245. The administrative investigation included two Affidavits from Plaintiff, *id*. at 71-115; two more Affidavits from Plaintiff's second line supervisor, *id.* at 201-237, an Affidavit by the deciding official who concluded that Plaintiff's second line supervisor failed to properly measure Plaintiff's performance under the Performance Improvement Plan he issued, when appraising her performance in the first place, and in proposing her removal, *id*., at 238-45; and an Affidavit from one of Defendant's senior officials whom plaintiff alleged was involved in these and other decisions, *id*. at 190-200.

Defendant not only conceded these two issues, it also conceded that in reconsidering an interlocutory decision under Rule 54(b), FRCP, a District Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." ECF #60 at 12-13 (quoting and citing, among other authorities, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (later criticized for error in summary judgment standards in *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). The principal authority cited by Defendant quotes this exact same language from this exact same case as it has been handed down for decades. ECF #67-1 at 13 (citing and quoting, among other authorities, *Six Dimensions, Inc. v. Perficient*, Inc., 969 F.3d 219, 227 (5th Cir. 2020); *Austin v. Kroger Tex., L.P*., 864 F.3d 326, 336 (5th Cir. 2017) (in turn quoting *Lavespere*, 910 F.2d at 185)).

Indeed, in *Austin*, the Fifth Circuit specifically held that a court considering reconsideration

of an interlocutory order under Rule 54(b) has broad discretion to vacate an earlier decision *as justice requires.*"  864 F.3d at 337 (emphasis supplied).  Its discretion must not be thwarted by "mere technicalities." *Id*. at 337-38 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986)).

Inexplicably, after relying on *Lavespere* and *Austin,* defendant pivots and argues that Plaintiff's Motion for Reconsideration must be denied unless Plaintiff can show that "the D.C. Court abused its discretion in dismissing [her] unexhausted allegations" in the original *Walton* case.  ECF #67-1 at 14.[2]  Defendant's argument not only contradicts the principal authority on which it relies, Defendant obstinately fails to recognize that Plaintiff's claims of retaliation were subjects of Plaintiff's administrative complaint of retaliation according to Defendant's own EEO office, Appendix ECF #61 at 3-10; investigated under the auspices of Defendant's EEO office, *id.* at 7-10; and investigated thoroughly at the direction of that office, *id*. at 11-70.  Thus, Plaintiff handily satisfied the Fifth Circuit's exhaustion standards in its seminal decisions *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), and *Sanchez v. Standard Brands, Inc.*, 431 F.2nd 455, 464-65 (5th Cir. 1970); as well as under its subsequent decisions in *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1280-81 (5th Cir. 1994), and *Gottlieb v. Tulane University of Louisiana*, 809 F.2d 278, 284 (5th Cir. 1987).  For these reasons, and others explained below, plaintiff respectfully submits that her Motion for Reconsideration must be granted.

---

[2]   When the original *Walton* case was in the U.S. District Court for the District of Columbia, it was denominated *Walton v. Regan,* Civ. Action No. 23-2213 (D.D.C.) (DLF).  The Memorandum Opinion and Order concerning exhaustion of administrative remedies were ECF #27 and ECF #28.

**ARGUMENT AND AUTHORITIES**

I. **Defendant Conceded That Plaintiff Exhausted Her Remedies Under *Sanchez***

Plaintiff's opening Brief relied not only on *Gupta*, but on the Fifth Circuit's decision in *Sanchez* as well. *E.g.*, ECF #60 at 11-12. In *Sanchez,* and without the slightest mention of *Gupta,* the Fifth Circuit held in clear language that "the crucial element of a charge of discrimination is the factual statement contained therein," not the type of discrimination or retaliation that a complainant alleges. 431 F.2d. at 462. The Fifth Circuit affirmed the continued vitality of *Sanchez* in the more recent decision *Clayton v. Rumsfeld*, where it again held that "[t]he crucial element of a charge of discrimination is the factual statement contained therein." 106 Fed. Appx. 268, 271 (5th Cir. 2004). As demonstrated above, Defendant does not deny that Plaintiff's claims of retaliation were investigated thoroughly at the administrative level and that they were described in detail. ECF #60 at 9-11 (citing Appendix ECF #61 at 3-70).

Defendant's Reply does not even hint that *Sanchez* is no longer good law. In fact, *Clayton* makes clear that *Sanchez* remains the law of the Fifth Circuit. 106 Fed. Appx. at 271.[3] In keeping with *Sanchez,* Plaintiff plainly exhausted her administrative remedies even without regard to *Gupta*, and Defendant waived any argument to the contrary.

II. **Defendant's Interpretation of *Gupta* Is Meritless**

There is simply no denying that separate and apart from *Sanchez,* Plaintiff exhausted her administrative remedies under *Gupta*, which sets forth a distinct way that a plaintiff has exhausted her administrative remedies *even without filing a new charge*. Specifically, if "a retaliation claim

---

[3]   *Clayton* was issued two years after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 (2002), removing any doubt that *Sanchez* remains the law of this Circuit. Further, as Plaintiff's Motion demonstrated *Morgan* does not even apply in this setting. ECF #60 at 16-17, n. 10.

grow[s] out of an earlier charge," a plaintiff need not have exhausted possible administrative remedies. 654 F.2d at 414. Under *Sanchez,* a plaintiff exhausted her remedies when her charge identified acts that are discriminatory and later claims that they were retaliatory. 431 F.2d. at 462.

*Gupta* applies with great force here, because plaintiff *did* file an administrative complaint alleging that defendant retaliated against her and that complaint was investigated. Appendix ECF #61 at 3-70. *A fortiori*, Plaintiff's claims arose out of the original complaint, as defendant's EEO office decided. *Id*. at 7-8. Even assuming that she had not, there is nothing in the authorities Defendant relies upon to disprove that Plaintiff need not have exhausted her administrative remedies under *Gupta.*

*Gupta* stands for the straightforward proposition that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." 654 F.2d at 414.[4] *Gupta* and *Sanchez* thus concern two different sets of circumstances. *Gupta* addresses situations when a follow-on claim of retaliation was not filed. In contrast, *Sanchez* addresses how to identify the scope of a charge that was filed.

The fact that the two decisions concern two different sets of circumstances is confirmed by the primary authority upon which defendant relies, *Watson v. Brennan*, 2023 WL 6210753, at *3 (5th Cir. Sept. 25, 2023), *cert. denied sub nom*. *Watson v. DeJoy*, 145 S. Ct. 398 (2024), *reh'g denied*, 145 S. Ct. 1979 (2025). In *Brennan,* the Fifth Circuit recognized: "First, Watson's filed complaint with the EEOC does not include a retaliation claim." In fact, the charge did "not clearly articulate the specific action that is retaliatory," which is the *Sanchez* test. *Watson*, 2023 WL

---

[4] As demonstrated at length in Plaintiff's Motion for Reconsideration, precedents from the Second, Fourth, Sixth, and Eighth Circuits are the same as *Gupta*. ECF #60 at 15-16. So is the Fifth Circuit's decision in *Gottlieb v. Tulane University of Louisiana*, 809 F.2d 278, 284 (5th Cir. 1987).

6210753, at *4. "Second, Watson's retaliation claim does not 'grow out' of the previously filed EEOC charges," which is *Gupta*. *Id*.

*Sanchez* thus stands for an entirely different proposition from *Gupta*. When a complaint identifies specific acts as unlawful, the fact that those acts are characterized as discriminatory as opposed to retaliatory does not control; instead, it is the factual statement of unlawful employment acts that is "crucial" in determining whether a claim of retaliation has been exhausted. 435 F.2d at 462. Put somewhat differently, when a charge has been filed, the scope of the ensuing investigation determines whether a claim has been exhausted. *Clark*, 18 F.3d at 1280.

Beyond Defendant's baseless interpretation of *Gupta*, and its failure to address *Sanchez,* one of the cases upon which Defendant relies is absolutely fatal to its argument. In *Williams v. Tarrant County College District*, 717 Fed. Appx. 440 (5th Cir. 2018), the Fifth Circuit reversed the dismissal of a complaint for failure to exhaust when the employee checked the box on her administrative complaint for "discrimination" and "denial of reasonable accommodation," but did not check the box for "retaliation" or even use the word " retaliation" in her administrative complaint. *Id*. at 445-46.

Quoting *Sanchez* and *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006), the *Williams* decision specifically held "the only absolutely essential element of a timely charge … is the allegation of fact contained therein." *Id.* at 445 (quoting *Sanchez*, 431 F.2d at 467). Continuing, the Fifth Circuit held that "our court does not require a 'plaintiff [to] check a certain box or recite a specific incantation to exhaust.'" *Williams*, 717 Fed. Appx. at 445 (quoting *Pacheco*, 448 F.3d at 792). The fact that Plaintiff here did not check the box to charge Defendant with unlawful discrete acts of retaliation as opposed to a retaliatory hostile work environment – which defendant concedes she could not have done until the issuance of *Muldrow v. City of St. Louis*, 144 S.Ct. 967,

975 (2024), and *Hamilton v. Dallas County*, 79 F.4th 494, 501-02 (5th Cir. 2023) (*en banc*) (*see* ECF #60 at 12, 14, 16, n.10) – is irrelevant under *Williams*.

Defendant's contention that Plaintiff cannot proceed with her claims of retaliation because they occurred before she amended her complaint in May of 2022 to include her claims of retaliation is positively ridiculous. ECF #67-1 at 74 (citing *Katz v. Wormuth*, 2023 WL 7001391, n.7 (5th Cir. Oct. 24, 2023), and *Eberle v. Gonzales*, 240 F. Appx. 622, 628 (5th Cir. 2007)). Just as the agency's EEO office determined, Plaintiff's Second Amended Complaint specifically alleges that defendant retaliated against her in March and May of 2022 *after* she participated in the administrative EEO complaints process starting with the informal complaints process in November of 2021, and continuing with filing and pursuing a formal administrative complaint in February of 2022. Appendix ECF #61 at 7; ECF #55 ¶¶ 63-65, 94-98.

The two remaining authorities that defendant relies upon are exactly the opposite of the situation presented here. ECF #67-1 at 16. *Sosebee v. Tex. Alcoholic Beverage Association*, 905 F.2d 596, 601 (N.D. Tex. 2012), held that an administrative complaint over discrete claims of discrimination did not exhaust a claim of a hostile work environment that "involve[d] different actors and different actions," were "not 'like or related to' the allegations in the original charge," and never "put the employer on notice of the nature of the charges" that the subsequent suit was predicated upon. *Id.* at 600-01. Thus, *Sanchez* did not apply. *Id*. Similarly, *Hernandez v. Rotorcraft*, Civ. Action No. 21-0392 (N.D. Tex. June 22, 2021), held that an administrative complaint based on discrete claims over several "'jokes' between Plaintiff and her supervisor in isolated incidents rather than a continuous pattern" did not excuse a failure to pursue an administrative complaint under the much higher standard of a hostile work environment. *Hernandez*, ECF #21 at 5. Neither case arose in the context of Plaintiff's case here, where she

filed an administrative complaint of retaliation with many specific instances of unlawful conduct that since the issuance of *Muldrow* and *Hamilton* can be pursued as discrete acts of retaliation.

### III. The Court Should Has Discretion To Reconsider And Vacate The Dismissal Of Plaintiff's Retaliation Claims "As Justice Requires"

Plaintiff's Motion originally demonstrated that "even in the absence of new evidence or an intervening change in or clarification of the substantive law," the Court is free to reconsider the dismissal of Plaintiff's claims of retaliation in the original *Walton* case. ECF #60 at 12-13. This Reply (at 1) has confirmed this to be a correct statement of the breadth of the Court's discretion under Rule 54(b), *and* that Defendant has concurred. ECF #67-1 at 13. Indeed, both parties cited the Fifth Circuit's decision in *Lavespere*, 910 F.2d at 185.

No matter how articulated, Fifth Circuit consistently holds that the breadth of a court's discretion to reconsider an interlocutory decision under Rule 54(b) is far greater than its discretion to reconsider a final judgment under Rule 59(e). *Austin*, 864 F.3d at 336-37 (quoting and citing, among other authorities *Lavespere*, 910 F.2d at 167. Quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015), *Austin* specifically recognized this distinction in holding: "Rule 59(e) undeniably sets a high threshold … In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case unfolds [is] more flexible." 864 F.3d at 336-37.

*Austin* elaborated on this distinction over twenty years after *Lavespere*. There, the Fifth Circuit specifically held that a court's discretion to reconsider an interlocutory decision extends as broadly "as justice requires." *Austin,* 864 F.3d at 337 (quoting *Cobell*, 802 F.3d at 25-26, and citing, among other authorities, *St. Annes Dev. Co. v. Trabich,* 443 Fed. Apps. 829, 831-32 (4th Cir. 2011)). Here, justice requires applying Fifth Circuit precedent and not that of a jurisdiction without "any connection" whatsoever to this case.

## IV. "Mere Technicalities" Are Not A Basis For Denying Reconsideration.

*Austin* was also firm that "'decisions on the merits are not be avoided on the basis of mere technicalities.'" 864 F.3d at 337-38 (quoting *Schiavone*, 477 U.S. at 27). That apparently occurred here. The decision that transferred the original *Walton* case to this jurisdiction was in all likelihood based on the misapprehension that precedent on the subject of exhaustion in the D.C. Circuit would be the same in the Fifth Circuit. Indeed, there is no other way to reconcile the decision to transfer the claims in the original *Walton* case that the District Court in DC found were related only to Plaintiff's treatment here in Dallas with the dismissal of Plaintiff's claims that the same actor retaliated against her and caused her ensuing injuries. ECF #21 at 29, 37 (defendant successfully contending that no jurisdiction other than this is connected to this case). Garrett Westfall, the Special Agent in Charge of the Defendant's Regional Office in Dallas, Texas, was not only the official who discriminated against Plaintiff by issuing the Unacceptable Rating for Fiscal Year 2021 and placing Plaintiff under the Performance Improvement Plan, he was also the official who retaliated against Plaintiff by proposing to remove Plaintiff and instigating a pretextual investigation of Plaintiff. Appendix ECF #61 at 116, 119, 201-02, 206, 208.[5]

The fact that Plaintiff's Motion seeks reconsideration by this Court of a decision by a previous judge sitting in another jurisdiction is irrelevant. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 (1998); *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837-38 (5th Cir.1982). In other words, this Court has just as much freedom to reconsider the decision in Washington, D.C. in the original *Walton* case as it would to reconsider a decision of its own to

---

[5]   The Notice of Proposed Removal was vitiated because Westfall improperly rated Plaintiff's performance for FY 2021 against a higher graded Special Agent just as he did during the Performance Improvement Period, and also because Westfall failed to provide Plaintiff a working environment in which she should perform successfully. App. at 238-47.

apply Fifth Circuit precedent of exhaustion. *Stoffels ex rel. SCC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-27 (5th Cir. 2012) ("The language of Rule 54 does not distinguish between, on the one hand, a situation where a trial judge revises his own order and, on the other hand, a situation where a second judge revises the earlier order of a previous judge."). The decision in the original *Walton* case about exhaustion was plainly wrong and probably issued because the District Judge in Washington, D.C. did not consider the possibility that the law here would be different. That unexplained error is also likely to have been decisive to the judge who transferred the original *Walton* case, and it was just that sort of "technicality" that is deserving of reconsideration because it impaired Plaintiff's right for the merits of her retaliation claims to be reached.

## CONCLUSION

For the foregoing reasons, and those articulated in Plaintiff's Motion for Reconsideration, plaintiff respectfully moves the Court to reconsider and vacate the Memorandum Opinion and Order of the U.S. District Court for the District Court [ECF #27, ECF #28] insofar as they dismissed plaintiff's claims of retaliation.

Respectfully submitted,

//s// Robert C. Seldon, Esq.
Robert C. Seldon, Esq., *pro hac vice*
 D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff
rcs@sba-pc.com