# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ALISA WALTON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0535-S |
| | § | |
| LEE ZELDIN, Administrator, U.S. | § | |
| Environmental Protection Agency | § | |

## ORDER

This Order addresses Defendant Lee Zeldin, Administrator, U.S. Environmental Protection Agency's Amended Motion to Strike Portions of Plaintiff's Second Amended Complaint ("Motion to Strike") [ECF No. 57] and Defendant's Second Renewed Motion to Dismiss ("Motion to Dismiss" and, together with the Motion to Strike, "Motions") [ECF No. 58]. The Court has reviewed the Motions, Plaintiff Alisa Walton's Response to the Motion to Strike [ECF No. 63], the Brief in Support of Plaintiff's Opposition to the Motion to Dismiss [ECF Nos. 65, 66], Defendant's Reply to the Motion to Dismiss [ECF No. 73], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Strike and **TERMINATES AS MOOT** the Motion to Dismiss.

In the Motion to Strike, Defendant seeks to strike "those portions of Plaintiff's Second Amended Complaint that assert discrimination and retaliation claims that were previously dismissed by the United States District Court for the District of Columbia." Mot. to Strike 1. By separate Memorandum Opinion and Order ("Memorandum Opinion") [ECF No. 80], the Court granted in part and denied in part Plaintiff's Motion for Reconsideration [ECF No. 60], in which Plaintiff asked the Court to reconsider portions of the order issued by the DC Court. As a result of its ruling on the Motion for Reconsideration, the Court rules on the Motion to Strike as follows.

Defendant seeks to strike paragraphs 66-73 of the Second Amended Complaint [ECF No. 55], which pertain to the Notice of Proposed Removal. Mot. to Strike 3. Similarly, Defendant seeks to strike Count II to the extent it asserts a claim for retaliation based on the Notice of Proposed Removal. *Id.* at 4. In its Memorandum Opinion, the Court concluded that Plaintiff's retaliation claim based on the Notice of Proposed Removal survives dismissal; therefore, the Court declines to strike these portions of the Second Amended Complaint.

Defendant next asks to strike paragraphs 74-81, which relate to the decision not to remove Plaintiff from employment. *Id.* at 3. These factual allegations relate to and provide context for the Notice of Proposed Removal, which, as stated above, remains relevant in this case. The Court will not strike these paragraphs.

Defendant requests that the Court strike paragraphs 82-85, which relate to the decision not to reassign Plaintiff to a new supervisor. *Id.* And Defendant asks the Court to strike Counts I and II to the extent they are based on the failure to reassign. *Id.* at 4. In its Memorandum Opinion, the Court determined that the DC Court did not rule on these claims and thus that they remain pending. As such, the Court denies the request to strike these portions of the Second Amended Complaint.

Further, Defendant asks the Court to strike paragraphs 86-93, which pertain to an investigation of Plaintiff, and to strike Count II to the extent it is based on the investigation. *Id.* at 3-4. The Court has concluded that Plaintiff's retaliation claim based on the investigation survives dismissal; therefore, the Court declines to strike these portions of the Second Amended Complaint.

Defendant moves to strike "Counts I and II of the [Second Amended Complaint] to the extent they continue to allege discrimination and retaliation based on . . . removal from highly significant OIG investigations, failure to [assign new investigations], . . . [and] failure to issue full

2

year performance appraisal." *Id.* at 4. Defendant also seeks to strike Count I of the Second Amended Complaint to the extent it alleges discrimination based on the Notice of Proposed Removal and investigation. *Id.* Plaintiff did not ask the Court to reconsider the DC Court's dismissal of those claims, so they remain dismissed. The Court concludes that these portions of the Second Amended Complaint should be stricken.

Finally, Defendant moves to strike Counts I and II to the extent they are based on the failure to close the investigation into Plaintiff. In its Memorandum Opinion, the Court determined that the DC Court did not rule on these claims, so they remain in this case. As such, the Court will not strike these portions of the Second Amended Complaint.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Amended Motion to Strike Portions of Plaintiff's Second Amended Complaint [ECF No. 57]. The Court **ORDERS** Plaintiff to file a third amended complaint in compliance with the Court's rulings on the Motion for Reconsideration and Motion to Strike by no later than **April 24, 2026**. Because the Court's rulings here and in its Memorandum Opinion impact Defendant's Second Renewed Motion to Dismiss [ECF No. 58], the Court **TERMINATES AS MOOT** the Motion to Dismiss, without prejudice to refiling after Plaintiff files any amended complaint. Finally, the Court **LIFTS** the stay on discovery imposed by its prior Order [ECF No. 78].

    **SO ORDERED.**

    SIGNED April 10, 2026.

                                      **KAREN GREN SCHOLER**
                                      **UNITED STATES DISTRICT JUDGE**