IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| ALISA WALTON,<br><br>     Plaintiff,<br><br>v.<br><br>LEE ZELDIN, Administrator, U.S.<br>Environmental Protection Agency,<br><br>Defendant. | Civil Action No. 3:25-cv-00535-S |

## JOINT MOTION TO MODIFY SCHEDULE

Plaintiff Alisa Walton filed suit alleging discrimination against her employer, Lee

Zeldin, Administrator, U.S. Environmental Protection Agency (EPA or agency) in

Washington DC.  (Doc. 1.)  After the case transferred to this Court in March 2025 (Doc.

29), the Court entered a scheduling order on May 9, 2025.  (Doc. 43.)  However, the

Court granted a stay pending the resolution of a dispositive motion.  (Doc. 78.)  The

Court's order was without prejudice to either party seeking a continuance of any deadline

after the Court ruled on the pending motions.  (Doc. 78.)

During the stay, various deadlines passed, including expert designations,

mediation, discovery, and dispositive motions.  (Doc. 43.)  The Court issued a

memorandum opinion on April 10, 2026, denied the dispositive motion as moot, and

lifted the stay.  (Docs. 80-81.)  Walton filed a third amended complaint on April 24, 2026

(Doc. 82), and Defendant answered on May 8, 2026.  (Doc. 83.)

**Joint Motion to Modify Schedule – Page 1**

Under the current scheduling order, the case is set for trial before a jury on a three-week docket next month, beginning July 20, 2026. (Doc. 43. ) The Court scheduled pretrial deadlines 21 days before trial and a pretrial conference is scheduled for July 13, 2026.[1] (Doc. 43.) The parties now move to modify the schedule so that the parties have sufficient time to litigate the remaining issues for good cause.[2] The Court issued a scheduling order last year on May 9, 2025. (Doc. 43.) The proposed deadlines are essentially the same deadlines as previously ordered but moved forward one year to account for the stay. The parties move to modify the schedule as follows:

- November 19, 2026       Disclosure of experts for the party with the burden of proof;

- December 11, 2026       Disclosure of opposing experts

- January 8, 2027       Disclosure of rebuttal experts

- February 26, 2027       Discovery closes; discovery requests must be commenced in time to permit responses by this date;

- March 12, 2027       All dispositive motions, including any objections to expert testimony. This deadline must be at least 120 days

---

[1] The Court emailed the parties on May 26, 2026 regarding the upcoming deadlines. The parties were preparing this motion but were unable to file it prior to the Memorial Day holiday weekend.

[2] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard requires the movant "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Court assesses four factors in determining whether the movant has shown good cause under Rule 16(b)(4): (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 5165344, at *3 (N.D. Tex. Sept. 3, 2015) (quoting *S&W Enters*., 315 F.3d at 536). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Id.* (quoting *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012))

**Joint Motion to Modify Schedule – Page 2**

before trial. Parties may not alter by agreement this deadline for dispositive motions or motions to strike expert testimony

- August 3, 2027            Trial

## Conclusion

Modifying the schedule will allow both parties sufficient time to engage in discovery and prepare their claims and defenses.  For these reasons, the parties move  to modify the schedule.

**Joint Motion to Modify Schedule – Page 3**

Dated: May 27, 2026

Respectfully submitted,

RYAN RAYBOULD
United States Attorney

*s/ Mary M. (Marti) Cherry*
Mary M. (Marti) Cherry
Assistant United States Attorney
Texas Bar No. 24055299
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, TX  76102-6882
Telephone:   817-252-5200
Facsimile:    8147-252-5458
E-mail:  mary.cherry@usdoj.gov

*Attorneys for Defendant*

*s/ Robert C Seldon*
Robert C Seldon
Seldon Bofinger & Associates PC
1319 F Street NW
Suite 200
Washington, DC 20004
202-393-8200
Fax: 202-318-2287
Email: rcs@sba-pc.com

Donald E Uloth
Law Office of Donald E Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, TX 75252
214-989-4396
Fax: 972-777-6951
Email: don.uloth@uloth.pro
***Attorneys for Plaintiff***

**Joint Motion to Modify Schedule – Page 4**

<u>Certificate of Service</u>

I hereby certify that on this 27th day of May 2026, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, and I served all parties electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ <u>*Mary M. (Marti) Cherry*</u>
Mary M. (Marti) Cherry
Assistant United States Attorney
